## Worcester Volunteer Fire Department Incorporation

*Allen R. Keely,* for petitioner.
*Arthur W. Bean,* contra.

GERBER, J., September 8, 1959.—On March 10, 1959, five residents of Worcester Township, Montgomery County, filed with this court an application for a charter for a nonprofit corporation to be known as "Worcester Volunteer Fire Department." Said application was filed in accordance with the Nonprofit Corporation Law of May 5, 1933, P. L. 289, as amended, 15 PS §2851-1 et seq. On April 3, 1959, the applicants presented to the court the required proofs of publication and a proposed decree of incorporation. At the same time there was filed with the court a written protest by all three members of the Board of Supervisors of Worcester Township. Said protest alleged that the incorporation of the volunteer fire company would be injurious to the community.

Article II, sec. 207, of the Law, 15 PS §2851-207, provides, inter alia, as follows:

". . . The court shall consider the application. It may hear evidence, if any there be, on behalf of the applicants and against the application, or it may refer the application to a master. . . ."

Counsel for the parties requested the court not to appoint a master, but rather the court conduct a hearing. Therefore a hearing was held by this court on June 22, 1959, to determine whether the purposes of the proposed corporation are lawful and not injurious to the community. . . .

## Discussion

The objections to the granting of the charter fall into two principal categories. First, that the Worcester Volunteer Fire Company, if incorporated, would become a burden to the taxpayers of the township; second, that a volunteer fire company in the township would not render to the people of Worcester Township the quantity and quality of service being presently rendered by the volunteer fire companies of the neighboring communities. In amplification of this latter

objection protestants state that the existence of a local fire company would lead to confusion and a deterioration of fire fighting services and thus lead to injury to the community.

Article II, sec. 207, of the Nonprofit Corporation Law, 15 PS §2851-207, provides, inter alia, as follows: ". . . If the court shall find the articles to be in proper form and within the provisions of this act, *and the purpose or purposes given in the articles to be lawful and not injurious to the community . . . the court shall so certify on the articles,* and *shall* order and decree thereon that the articles are approved . . .": The italics supplied are the same as in the case of Conversion Center Charter Case, 388 Pa. 239 (1957), which italics were adopted in Incorporation of Nottingham Fire Company Charter Case, 8 Bucks 66, 67 (1956), affirmed 394 Pa. 631 (1959).

If the purposes of the corporation are lawful and not injurious to the community, the charter must be granted: Conversion Center Charter Case, supra; Incorporation of Nottingham Fire Company Charter Case, supra. The articles of the proposed corporation set forth the following:

"The purposes for which the corporation is formed are: (a) to preserve and protect life and property when threatened by fire, flood or other emergency; (b) to receive funds from legacies, bequests, gifts, appropriations of civil authorities, dues of members and expending and disbursing such funds for the relief, support and burial of its members."

These purposes are not only lawful, but laudable. In the instant case the articles are in proper form and within the provisions of the act. The incorporation of a volunteer fire department is "lawful": Incorporation of Nottingham Fire Company Charter Case, supra. The controversy relates to the clause "not injurious to the community." The court is not permitted

to determine whether there is a *necessity* for an additional volunteer fire department in the area: Incorporation of Nottingham Fire Company Charter Case, supra; Deutsch -Amerikanischer Volksfest-Verein, 200 Pa. 143 (1901); Application of Union Fire Co. No. 1 of Kulptown, C. P. of Berks County, no. 114, November term, 1958.

The contention that a financial loss might accrue to protestants by the incorporation of the "Worcester Volunteer Fire Department" is not an issue for the court to consider. Under The Second Class Township Code the making of appropriations for the maintenance of a fire company is discretionary with the board of township supervisors. They need not make any appropriations under the law. Under the Nonprofit Corporation Law of May 5, 1933, P. L. 289, art. II, secs. 201 and 207, the courts are limited to a finding of whether the articles are in proper form and within the provisions of said acts and whether the purposes are lawful and not injurious to the community. See Application of Union Fire Company No. 1 of Kulptown, supra.

". . . As to the financial status, it is not unlikely that the other fire companies in the township will suffer both in the amounts allocated by the township supervisors from taxes and a reduction in voluntary contributions. It appears clear to us, however, that this is not a matter for our consideration. If such matters could properly be considered they might form the basis for refusal of a charter for a new church or eleemosynary institution." Incorporation of Nottingham Fire Company Charter Case, supra, at page 68.

At the hearing before this court, protestants made much of the fact that calls for assistance to adjacent fire companies would be made through the Worcester Volunteer Fire Department. They alleged that the resulting delay and confusion might prove injurious

to the community. However, the testimony of the only qualified fire fighter was to the contrary. His testimony was to the effect that a resident of Worcester Township could call directly any of the volunteer fire companies in the adjoining communities and receive an immediate response, that even where calls are relayed, the delay would be minimal and not disproportionate to the delay inherent in any well organized system for the extinguishment of fires.

Moreover, Worcester and the adjacent townships are rapidly expanding communities with a commensurately increasing need for fire extinguishment facilities. Although Worcester may be well protected, this situation may change in the near future. The adjacent fire companies must give preference to fires arising in their own area. Worcester has no fire department of its own and may find itself confronted by a fire with no adjacent fire department available to extinguish the blaze. The building of an efficient fire company is a long and expensive process. We cannot deny the wisdom of beginning preparations now to meet future exigencies. We think that any minimal injury caused to the community by channeling calls for assistance through the proposed Worcester Volunteer Fire Company is more than counterbalanced by the benefit which the community will derive from the incorporation of such an organization.

### Conclusions of Law

1. The articles of incorporation are in proper form and within the provisions of the Nonprofit Corporation Act.

2. The purpose or purposes given in the articles of incorporation are lawful.

3. The purpose or purposes given in the articles of incorporation are not injurious to the community.

### Decree Nisi

And now, to wit, September 8, 1959, the objections are dismissed and if no exceptions are filed within 20 days, the proposed decree of incorporation will be granted.