## Hazle Township Appeal.

Argued May 3, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John E. Cotsack,* with him *Robert J. Gillespie,* and *James P. Costello, Jr.,* for appellants.

*Anthony C. Falvello,* with him *Joseph J. Ustynoski,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 6, 1960:

Under the Act of July 20, 1953, P. L. 550, 53 PS §67501, the Court of Quarter Sessions of Luzerne County approved the annexation by the Borough of West Hazleton of approximately 550 acres of land lying mostly in Hazle Township and partly in Sugarloaf Township. Hazle Township appealed from the order of annexation, contending that Section 2 of the annexation statute, should be declared unconstitutional on the argument that it directs a petition for annexation shall be certified to the court of quarter sessions without fixing the time within which this is to be done, but yet imposing on the aggrieved persons a period of 30 days from the day of certification within which to complain.

Section 2 reads: "The petition, after its approval by council, commissioners or supervisors, shall be certified to the court of quarter sessions by the secretary of the borough or township or clerk of the city. If, within thirty days thereafter, no person aggrieved by the ordinance complains to the court, asking for the appointment of a board of commissioners as a fact finding body, the court shall determine the question, and, if it is satisfied as to the legality of the proceeding and the propriety of the annexation as serving public interests, shall affirm the annexation."

The court below dismissed the constitutional objection by holding that an annexation proceeding is a legislative and not a judicial proceeding and, therefore, is not subject to procedural due process requirements. There can be no doubt that Hazle Township received timely notice of the annexation proceedings.

Section 1 of the Act under discussion provides, inter alia: "A copy of the petition, without the signatures, shall be filed with the supervisors of the township concerned prior to its presentation to the city, borough, or township, and a certification of such filing shall be signed by at least one signer of the petition and be attached to the petition when presented to the city, borough, or township." This was done. The petition, then, after being duly signed, was presented on December 18, 1958, to the Borough of West Hazleton which adopted the ordinance of annexation.

On January 9, 1959, the ordinance, after having been proclaimed in the local newspapers, was certified to the Court of Quarter Sessions of Luzerne County and then duly certified to Hazle Township, which objected to the annexation. The court appointed a board of commissioners to conduct hearings on the objections. After a full participation by Hazle Township in the ensuing hearings the board reported its findings to the

court. The interested municipalities filed briefs and eventually the court entered its order of annexation.

In view of this ample procedure in which Hazle Township participated at all times, the township has no standing to complain about lack of notice. In the case of *Annexation to the Borough of Camp Hill,* 142 Pa. 511, 518, where this Court considered a question similar to the one raised at bar, we said: "The objection to the sufficiency of the notice is wholly without merit. The notices were in substantial compliance with the statute . . . but if they were not, the appellants took actual notice of the application, appeared promptly at the earliest stage of the proceeding, made objection to the submission to the Grand Jury, and have since contested, the proceedings at all points . . . it is difficult to see what opportunity or advantage has been lost, or what good purpose would have been subserved in this case by any other form of notice."

Since Hazle Township received timely notice of the proceedings there is no merit in the constitutional argument urged by the appellants.

We affirm the holding of the court below that the ordered annexation will serve the best interests of the public and that the advantages which go with the annexation far outweigh the asserted disadvantages. All the freeholders in the annexed territory expressed their desire to become residents of West Hazleton. This cogent fact may not be lightly regarded. In *Lancaster Annexation Case,* 183 Pa. Superior Ct. 618, 624, the Superior Court properly said: "A majority of the citizens of the territory proposed to be annexed have signed the petition. Council for the Borough has approved the petition for annexation. It is not the province of this Court to set aside the will of the petitioners and the Borough unless cogent reasons appear in the record."

The hearings conducted by the board of commissioners revealed that the annexed community would

enjoy, among many others, the following advantages: industrial development, excellent police protection, full-time fire protection service, improved streets, sewage facilities and disposal, street lighting, increased employment, and zoning regulations.

The appellant township complains that because of losing a portion of its territory it will lose an annual tax revenue of $5,070.21. This amount is insignificant when compared to the expenditures it would have had to make to provide governmental services so vitally needed and urgently needed in the annexed area.

The record also supports the court's finding that no material, social, geographic, or traffic problems have been created by the annexation.

Order of annexation affirmed, costs to be borne by appellant.