## West Mead Township Annexation Case.

Argued June 18, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, FLOOD, JACOBS, and HOFFMAN, JJ.

*F. Joseph Thomas,* with him *R. Charles Thomas,* for township, appellant.

*John V. Pepicelli,* City Solicitor, for appellees.

*J. Perry Eckels,* and *Eckels, Stegner & Blystone,* for amicus curiae.

OPINION BY ERVIN, P. J., September 16, 1965:

We have for consideration two appeals from the orders of the Court of Quarter Sessions of Crawford County approving the annexation of two tracts of land from West Mead Township to the City of Meadville. These two cases involve Annexation Areas 2 and 3 of four separate petitions for annexation. The approval of Annexation Area No. 1 was appealed to the Supreme Court and affirmed by it in *West Mead Township Appeal,* 411 Pa. 94, 191 A. 2d 273. The present appeals were also originally filed in the Supreme Court but, in the meantime, the legislature had amended the Superior Court Act of June 24, 1895, P. L. 212, by the Act of August 14, 1963, P. L. 819, 17 PS §§181, 182, so that it now reads: "The Superior Court . . . shall have exclusive and final appellate jurisdiction of all appeals by or in the nature of appeal, certiorari or writ of error in the following classes of cases:

"All proceedings of any kind in the court of quarter sessions of the peace, oyer and terminer and general jail delivery, or before any judge thereof, except cases involving the right to a public office, and in case of felonious homicide. . . ." Accordingly the Supreme Court remanded these cases to this Court: *West Mead Township Appeal,* 416 Pa. 73, 204 A. 2d 247.

Annexation Area No. 4 has not reached the appellate stage.

The legislature has set up two ways by which a third class city can annex portions of an adjoining second class township. One method is established by §501 of The Third Class City Code of June 23, 1931, P. L. 932, as amended, 53 PS §35501 et seq. A different

method was established by the Act of July 20, 1953; P. L. 550, the title to which reads: "Providing for and regulating the annexation of parts of a second class township to boroughs, cities and townships." Both sides have incorrectly referred to the latter act as The Second Class Township Code. Attention is called to footnote No. 6 in *West Conshohocken Borough Appeal,* 405 Pa. 150, 154, 173 A. 2d 461, where the Supreme Court pointed out: "Continuous, though erroneous, reference is made in the Borough's brief to the 1953 Act as part of The Second Class Township Code. The Act known as 'the Second Class Township Code' is the Act of May 1, 1933, P. L. 103, as amended, 53 PS §65101, whereas the 1953 Act is 'An Act providing for and regulating the annexation of parts of a second class township to boroughs, cities and townships' and is not part of The Second Class Township Code." The Act of 1953 did not specifically repeal any former acts but it did provide in §9 "All acts and parts of acts are hereby repealed in so far as they are inconsistent with the provisions of this act."

On two occasions the question of whether or not the Act of 1953 is exclusive has been presented to the Supreme Court but it has not found it necessary to decide the question. In a footnote to *Palmer Township Annexation Case,* 416 Pa. 163, 168, 204 A. 2d 760, it is pointed out that "Whether the Act of 1953 repealed by implication other statutory provisions regarding annexation of territory in a second class township to a borough or city poses an unresolved question . . . which we have not yet had to determine, see West Conshohocken Borough Appeal, 405 Pa. 150, 173 A. 2d 461 (1961), and Carnegie Borough Annexation Case, 408 Pa. 146, 182 A. 2d 527 (1962)."

Three Quarter Sessions courts have dealt with this problem. In *In Re Annexation to Borough of New Centerville,* 18 Somerset Legal Journal 319, it was held

that the Act of 1953 did not repeal by implication the provisions of the General Borough Code of 1927. An appeal in this case under the name of *Milford Township Appeal,* 389 Pa. 135, 132 A. 2d 214, was dismissed because the motion was lodged out of time.

The opposite result was reached in *In Re Annexation of Land in the Township of Carroll by the Borough of Donora,* 38 Washington Co. Repts. 95.

In *Annexation by City of York,* 77 York Legal Record 22, it was held that the Act of 1953 is the sole and exclusive method of annexing land in a second class township to a city of the third class.

Under the circumstances of the present cases we are likewise not required to decide that question. The petitions in these cases were drawn to comply with all the requirements of both acts. Likewise the respondents complied with all the requirements of both acts. The court below held that the proceedings were under the Act of 1953, dismissed the appropriate motions filed by the appellants under The Third Class City Code, and appointed commissioners to take testimony, as provided for in the Act of 1953. Thereafter both sides proceeded on this basis and the motion to dismiss was never renewed.

The scope of appellate review in annexation cases was stated in *West Mead Township Appeal,* 411 Pa. 94, 191 A. 2d 273, which involved Annexation Area No. 1, to be "limited to ascertaining whether there is any evidence to support the lower court's finding that the annexation is in the public interest, and hence we are not permitted to substitute our judgment for that of the court below in the absence of a showing of an abuse of discretion. West Conshohocken Borough Appeal, 405 Pa. 150, 173 A. 2d 461 (1961)." See also *Irwin Borough Annexation Case (No. 1),* 165 Pa. Superior Ct. 119, 133, 67 A. 2d 757; *South Pymatuning Township Appeal,* 409 Pa. 324, 333, 186 A. 2d 13.

An example of abuse of discretion is found in *Palmer Township Annexation Case,* supra, which was remanded because the court below "seemed to pay undue deference to the wishes of the proponents without finding any overall propriety in the annexation in serving the public interest."

No such situation is present in these appeals. An examination of the record and the thorough opinion of the late President Judge HERBERT A. MOOK shows that the court carefully considered the testimony as it affected the city, the residents of the area to be annexed, and the residents remaining in the township. This is clearly shown by the final paragraph of his opinion which reads: "The court is primarily interested in the welfare of the people of this county, not just the city of Meadville or West Mead Township or any other particular area alone, but the entire county. But we are firmly convinced that the welfare of the entire area will best be served by promoting the property and growth of the city of Meadville. Here in the city is the industry and commerce that provides a living for the people of the larger community. Here in the city are the churches, the schools, the hospitals and the institutions that provide, encourage and foster the culture of the people. Unless the city prospers, the area surrounding the city will not prosper. The interests of the residents of the city of Meadville and West Mead Township are not adverse to each other, they are one and the same and it is time that the elected officers of these two municipalities recognize this and start working together to eliminate unnecessary duplication of services and unnecessary expense and build a better, more prosperous, progressive and forward looking community."

We find that there was ample evidence to support the determination of the court below and that it did

not abuse its discretion in concluding that these annexations are in the public interest.

We have not overlooked the complaint of the township that it is being carved up piecemeal. We agree with the pronouncement of Judge Diggins in *In Re: Annexation of Portion of Chester Township,* 47 Del. Co. Repts. 288, that "While this is a legitimate argument . . . it is the responsibility and duty of the court to stop it at the point where the interests of the township exceed those of the people involved. . . ." We do not believe that that point has been reached at the present time.

The order in each case is affirmed.