## Hanover Borough Appeal.
## Conewago Township Annexation Case.

Argued December 12, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*Donald E. Albright,* with him *Oscar F. Spicer,* for borough, appellant.

*Eugene R. Hartman,* County Solicitor, for appellee.

*Ronald J. Hagarman,* for township, appellee.

OPINION BY ERVIN, P. J., March 23, 1967:

This is an appeal from the order of the Court of Quarter Sessions of Adams County refusing to approve the annexation of a portion of a second class township in Adams County to the Borough of Hanover, which is situated in York County.

The proceedings in the court below were under the Act of July 20, 1953, P. L. 550, 53 PS §67501 et seq.

The 1953 act is silent as to an appeal from the court below. Our scope of review is by broad certiorari and we are obliged to consider the record, including the testimony, to determine whether the findings are supported by competent evidence and correct any conclusions of law erroneously made: *Hazle Township Annexation Case,* 183 Pa. Superior Ct. 212, 130 A. 2d 230. We said in *West Mead Township Annexation Case,* 206 Pa. Superior Ct. 166, 213 A. 2d 124: "The scope of appellate review in annexation cases was stated in West Mead Township Appeal, 411 Pa. 94, 191 A. 2d 273, which involved Annexation Area No. 1, to be 'limited to ascertaining whether there is any evidence to support the lower court's finding that the annexation is in the public interest, and hence we are not permitted to substitute our judgment for that of the court below in the absence of a showing of an abuse of discretion. West Conshohocken Borough Appeal, 405 Pa. 150, 173 A. 2d 461 (1961).' See also Irwin Borough Annexation Case (No. 1), 165 Pa. Superior Ct. 119, 133, 67 A. 2d 757; South Pymatuning Township Appeal, 409 Pa. 324, 333, 186 A. 2d 13."

The procedural background of this case is that on August 8, 1964, upon presentation to the Borough of Hanover, York County, Pennsylvania, of a petition signed by a majority of the freeholders in a certain area of Conewago Township, Adams County, requesting annexation, the Borough of Hanover enacted Ordinance No. 1243 annexing that area of Conewago Township into the Borough of Hanover. On January 15, 1965, the Borough of Hanover filed in the Office of the Clerk of Courts of Adams County and York County a certified copy of the petition, the ordinance and the $150 fee presented by the petitioners with the petition. On the same date, a notice of such filing was lodged with the

County Boards of Elections of both Adams and York Counties.

On February 13, 1965, the Board of Supervisors of Conewago Township, Adams County, Pennsylvania, filed a complaint requesting the appointment of a Board of Commissioners with the Clerk of Courts of Adams County. On the same date, President Judge W. C. SHEELY of the Court of Quarter Sessions of Adams County, appointed Commissioners as required by the Act of 1953, July 20, P. L. 550, 53 PS §§67501-67508. On February 15, 1965 the County Commissioners of Adams County filed a complaint requesting the appointment of a Board of Commissioners and on the same day the court below appointed the same commissioners previously appointed under the complaint of the Board of Supervisors of Conewago Township. On March 17, 1965, and at various times thereafter, the Board of Commissioners met and heard testimony concerning the annexation; their report was filed on June 12, 1965. After argument by counsel, President Judge SHEELY filed his opinion sustaining the complaints filed by the Board of Supervisors of Conewago Township and by the Commissioners of Adams County. This appeal is from that decision.

The western boundary line of Hanover Borough in York County is the eastern boundary line of Conewago Township in Adams County. McSherrystown Borough is a short distance west of Hanover and is completely surrounded by Conewago Township. Over the years the area between the two boroughs has become built up and is known as the Village of Midway. A person traveling on the main highway (Third Street) has difficulty telling when he leaves one area and enters another. The three areas are practically undistinguishable from each other. The land proposed to be annexed to Hanover Borough (307.019 acres) includes a portion of the built-up area of Midway lying to the south

of Third Street and south of the originally built-up section of that village. The northern portion of the area to be annexed has fairly recently been developed and laid out in streets, and consists of residences. The remainder of the land to the south (approximately 250 acres) is farmland most or all of which is owned by Charles Diller who plans eventually to develop it. The proposed annexation does not include any of that portion of Midway lying north of Third Street and not all of the portion south of Third Street.

The assessed valuation of all the real estate in Conewago Township for the year 1965 was $2,086,910 and the assessed valuation of the area proposed to be annexed was $288,800 or 13.838 per cent of the total valuation of the township. For per capita tax purposes there are 1,598 taxable residents in the township and 124 taxable residents in the area to be annexed, or 7.76 per cent of the total.

The Commissioners found that whether the area proposed to be annexed is actually annexed or not, the southeastern portion of the area located along the Pennsylvania Railroad will in all probability be used for industrial development while the northern portion will in all probability be used for further residential development. They also found that the undeveloped portion of the tract proposed to be annexed will continue to be used as farm land until such time as there is need for further land for either industrial or residential development.

The Commissioners also found that municipal sewage disposal facilities will be made available to the residents of the northern portion of the area proposed to be annexed whether the annexation is approved or not, but that such facility will be made available more quickly if the annexation is approved as it will be a simpler matter for the Borough of Hanover to extend

its existing facilities into the area than for Conewago Township to construct a new sewage disposal system.

They further found that the boundary lines of the area proposed to be annexed are very irregular and, in their opinion, unnatural.

The fact that the borough is in one county and the territory sought to be annexed is in another county is not a sufficient reason in itself to deny annexation,[1] but it is one factor which the court can consider along with others in order to determine whether the annexation would be in the public interest. The court below went very thoroughly into the entire situation and analyzed the effect of the annexation upon the township, the borough, the persons residing in the territory proposed to be annexed and the persons remaining in the township. President Judge SHEELY found that, although the persons within the territory would receive the benefit of a sewer system more quickly by connecting with the existing Hanover system, the residents of the remaining area would have to defray the entire cost of a sewer system for the township, which might mean it would not be practicable to construct a sewer system for the remaining area. He found that, as a result of the irregular boundary lines, the supervisors of Conewago Township would remain responsible for the maintenance of parts of streets, sometimes disconnected portions of streets, while Hanover would be responsible for other parts. In one instance the land on the Cone-

---

[1] The Pennsylvania Manual reveals that six boroughs and one city are divided by county lines. Thus McDonald Borough is in both Allegheny and Washington Counties; Trafford is in both Allegheny and Westmoreland Counties; Ellwood City is partly in Beaver and partly in Lawrence County; Telford is in both Bucks and Montgomery Counties; Falls Creek is in Clearfield and Jefferson Counties; and Shippensburg is in both Franklin and Cumberland Counties. Furthermore, four wards of the City of Bethlehem are in Lehigh County and the remaining thirteen wards are in Northampton County.

wago Township side of the street would be tax exempt (St. Vincent Church cemetery) while land abutting the Hanover side would be taxable. He found that the irregularity of the boundary line would present problems in law enforcement, as well as election and taxation problems.

There was evidence to support all of these findings and we hold that President Judge SHEELY did not abuse his discretion in making such findings and in entering the order appealed from.

Order affirmed.