## Hempfield Township Annexation Case.

Argued November 15, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Thomas Anton,* for appellant.

*Joseph B. Mitinger,* City Solicitor, for appellee.

OPINION BY ERVIN, P. J., December 14, 1967:

We have before us two appeals from the decrees of the Court of Quarter Sessions of Westmoreland County

approving the annexation of two separate portions of Hempfield Township to the City of Greensburg. Both tracts are contiguous to the city but are not related to each other. However, since the procedure in both cases was identical and since we are deciding the cases on a procedure issue, we shall not discuss the merits or demerits of the respective annexations.

Both cases commenced with petitions filed by a majority of the property owners of their respective tracts and, in due course, ordinances of the city were adopted approving the annexation. In accordance with the provisions of the Act of July 20, 1953, P. L. 550, 53 PS §67501 et seq., the Township of Hempfield filed a timely complaint and requested the appointment of a board of commissioners as a fact-finding body and the court below appointed such a board.

After due notice, the board took the testimony of the interested witnesses. Unfortunately the testimony was not transcribed. The board filed its report with the court. It made many findings of fact but went beyond the scope of its appointment and made a recommendation that the annexation be denied.

Judge McCormick of the court below disagreed with the findings and recommendation of the board and, without any further hearing, filed an opinion in which he substituted his own findings of fact and entered an order approving the annexation.

The Township of Hempfield filed exceptions to the opinion and order, contending, inter alia, that the court erred in substituting its own findings, without the benefit of additional testimony. The court in banc dismissed the exceptions.

The duties of the board of commissioners are set forth in §4 of the Act of 1953, supra, 53 PS §67504, as follows: "Within sixty days after its appointment, the board shall inquire into and make findings of fact as to (1) the relative advantages and disadvantages to

the borough, city or township, and the township affected by the annexation, (2) the assessed valuation of the township, the assessed valuation of the territory to be annexed, and how the annexation would affect the remainder of the territory, (3) the township indebtedness, (4) the value of all public improvements, including, but not limited to, roads, buildings and sewers in the territory to be annexed and the indebtedness chargeable thereto, (5) the future plan of the entire area, and (6) any other matters directed by the court."

Judge McCormick made the following comment with respect to the report submitted to him: "It is this Court's opinion that the Board failed to meet the statutory requirements of its duties when it failed to make findings of fact to (1) the relative advantages and disadvantages to the City and the Township affected by the annexation, (2) how the annexation would affect the remainder of the territory, (3) future plan of the entire area.

"This Court is also of the opinion that the Board exceeded its authority and function when it made a recommendation to the Court that the Petition for Annexation be denied. Their sole responsibility was as a fact-finding body."

We agree with the court below that it is not bound to accept the findings of the board and that the board had no authority to submit any recommendation. However, we feel that the court failed to follow the express directions of §5, 53 PS §67505, which states: "The court shall consider the findings of the board, together with any facts that may be *submitted* to it, and shall make an order either dismissing the proceedings or affirming the annexation." (Emphasis added)

The purpose of §5 was stated in *Palmer Twp. Annexation Case*, 416 Pa. 163, at 178, 204 A. 2d 760, as follows: "If it is satisfied at this stage, the court then appoints a fact-finding body. Act of 1953, §3, 53 P.S.

§67503. This board must inquire into and find facts as to five specific matters, plus any other matters directed by the court. Act of 1953, §4, 53 P.S. §67504. It is then to report to the court which considers its findings plus any additional facts submitted to it and makes a final order. Act of 1953, §5, 53 P.S. §67505. Obviously, the purpose of this additional proceeding is to adduce all of the necessary information to assist the court in making a final decision as to whether the annexation is in the public interest. It is not a hearing in the sense that exceptions are to be filed by the parties or that either party takes on a burden of proof. It is simply a supplemental procedure sanctioned by statute for the court's benefit and to enable the parties to submit expeditiously to the court the relevant facts.

"In the present case the court directed the board to inquire into only the five specific points set forth in the statute. Act of 1953, §4, 53 P.S. §67504. In doing so, the board has obviously gone beyond the usual procedures for it stated in its report that it 'made inquiry by conferring with interested counsel, by taking testimony, by viewing the ground, by considering certain unsolicited communications and verbal advices, and by studying relevant documents and maps.' The first and fourth of these were improper methods of finding facts. Counsel may stipulate facts before the board; otherwise, they are not sources of facts. The other erroneous source is unfathomable to us; such communications and advices can only be considered if produced at the board's hearing. These improper procedures by the board cannot be said to have been disregarded by the court below in its final opinion." Thus the Supreme Court held that it was improper for the board to consider facts not presented to it at its hearing and vacated the order of the court below because it was not clear that the court had not also considered such facts.

When Judge McCormick was dissatisfied with the report of the board, he could have referred the matter back to it to find the additional facts which it had not made, or he could have held his own hearing to develop them. However, he erred when he went outside the record for the facts of his substituted findings. It is not necessary to state the substance of these findings. It is enough to say there was no factual basis for them in the record.

In view of the nature of the appeal to this Court, it is imperative that the facts upon which the annexation is allowed or denied appear in the record. The Act of 1953 contains no provisions regarding an appeal. Consequently, the scope of our review is on broad certiorari and we must examine the record to determine if there was evidence to support the findings of the court below: *Palmer Twp. Annexation Case,* supra; *West Mead Township Annexation Case,* 206 Pa. Superior Ct. 166, 170, 213 A. 2d 124. In the present case, since there was no transcript made of the hearing before the board and no hearing held by the court, we have no evidence to examine in order to test the propriety of the court's action. We have not examined all of the cases which have arisen under the Act of 1953 but we can say that in all of the recent cases the record has contained a transcript of the testimony.

In *West Mead Township Annexation Case,* supra, and in *Jenner Twp. Annexation Case,* 208 Pa. Superior Ct. 62, 220 A. 2d 385, we were able to make a definite statement that there was *ample evidence* to support the determination of the court below. See also *South Union Township Appeal,* 209 Pa. Superior Ct. 160, 225 A. 2d 258. We cannot make that statement in the present case.

It follows that both cases must be remanded to the court below to make a transcribed record. The court, if it desires, may refer them to the same or a different

board of commissioners for this purpose, or it may hold its own hearing.

In No. 313 April Term, 1967 the order of the court below is vacated and the case is remanded for further proceedings in accordance with the foregoing opinion.

In No. 314 April Term, 1967 the order of the court below is vacated and the case is remanded for further proceedings in accordance with the foregoing opinion.