## Bradford Township Annexation Case.

Argued November 16, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Richard E. Brandow,* for appellants.

*Murray R. Garber,* for appellee.

OPINION BY ERVIN, P. J., December 14, 1967:

This is an appeal from the order of the Court of Quarter Sessions of McKean County dismissing a petition for the annexation of a portion of the Township of Bradford to the City of Bradford.

So far as the procedure is concerned, this case is controlled by *Hempfield Twp. Annexation Case,* 211 Pa. Superior Ct. 180, 237 A. 2d 244. Both cases arose under the Act of July 20, 1953, P. L. 550, 53 PS §67501 et seq. In both cases the court appointed a board of commissioners as a fact-finding body. In both cases the board took the testimony of interested witnesses but the testimony was not transcribed. In both cases the board filed its report with the court and in both cases the court entered its decree without taking any additional testimony.

We held in the *Hempfield Twp.* case that in view of the nature of the appeal to this Court, it is imperative that the facts upon which the annexation is allowed or denied must appear in the record. We said: "The Act of 1953 contains no provisions regarding an appeal. Consequently, the scope of our review is on broad certiorari and we must examine the record to determine if there was evidence to support the findings of the court below: Palmer Twp. Annexation Case, supra [416 Pa. 163, at 178, 204 A. 2d 760] ; West Mead Twp. Annexation Case, 206 Pa. Superior Ct. 166, 170, 213 A. 2d 124. In the present case, since there was no transcript made of the hearing before the board and no hearing held by the court, we have no evidence to examine in order to test the propriety of the court's action. We have not examined all of the cases which have arisen under the Act of 1953 but we can say that in all of the recent cases the record has contained a transcript of the testimony.

"In West Mead Twp. Annexation Case, supra, and in Jenner Twp. Annexation Case, 208 Pa. Superior Ct. 62, 220 A. 2d 385, we were able to make a definite statement that there was *ample evidence* to support the determination of the court below. See also South Union Twp. Appeal, 209 Pa. Superior Ct. 160, 225 A. 2d 258. We cannot make that statement in the present case."

It follows that the case must be remanded to the court below to make a transcribed record. The court, if it desires, may refer it to the same or a different board of commissioners for this purpose, or it may hold its own hearing.

The order of the court below is vacated and the case is remanded for further proceedings in accordance with the foregoing opinion.