Greensburg Annexation Case.

Argued October 9, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robert M. Stefanon,* for appellant.

*George W. Lamproplos,* with him *Clarence W. Beck,* and *Cassidy & Lamproplos,* for appellees.

*Joseph B. Mitinger,* City Solicitor, for appellee.

OPINION PER CURIAM, May 4, 1970:

These appeals are from three separate decrees of the Court of Quarter Sessions (now Court of Common Pleas) of Westmoreland County which approved annexation of portions of territory of Hempfield Township, the appellant. Two of the annexations were by the City of Greensburg (Nos. 160 and 161 in this Court) and the other was by the Borough of Youngwood (No. 246 in this Court).

The question raised by appellant in each appeal is whether the annexation proceedings, which were commenced prior to April 23, 1968 pursuant to the Act of July 20, 1953, P. L. 550, 53 P.S. §§67501-08, but in which final orders of approval of the annexations were not entered until 1969, were rendered null and void by the adoption on April 23, 1968 of the new Article IX of the Constitution of Pennsylvania.

Appellant took direct appeals to this Court in each case, and also filed petitions for leave to appeal under our Rule 68½. Motions to quash the appeals and to dismiss the petitions were filed by appellees. The three cases were consolidated for argument and the motions to quash and dismiss were argued concurrently.

We find that jurisdiction of these appeals is in the Superior Court and not in this Court; we accordingly do not reach the question of the effect, if any, of the new Article IX of the Constitution upon these proceedings.

There is no doubt, and appellant in its brief concedes, that prior to April 23, 1968, the original jurisdiction in annexation cases involving second class townships lay in the Courts of Quarter Sessions of the Peace, and that the cases now before us were properly so brought. Act of July 20, 1953, P. L. 550, §2, 53 P.S. 67502 et seq. *Palmer Township Annexation Case*, 416 Pa. 163, 204 A. 2d 760 (1964). It is also not dis-

puted that under the Act of June 24, 1895, P. L. 212, §7, as amended by the Act of August 14, 1963, P. L. 819, §1, 17 P.S. 181, 182, jurisdiction of all appeals from proceedings of the Court of Quarter Sessions, with exceptions not here applicable, rests exclusively in the Superior Court. *West Mead Township Appeal,* 416 Pa. 73, 204 A. 2d 247 (1964). Indeed, the two Greensburg cases here involved, No. 160 and No. 161, were appealed by appellant to the Superior Court at an earlier stage and by that court remanded for further proceedings. *Hempfield Township Annexation Case,* 211 Pa. Superior Ct. 180, 237 A. 2d 244 (1967). The appellant's position, however, is that since the Courts of Quarter Session were abolished, effective January 1, 1969, by Section 4 of the Schedule to the new Judiciary Article (Article V of the Constitution of Pennsylvania, adopted April 23, 1968, effective January 1, 1969), the appellate jurisdiction of the Superior Court in annexation cases was likewise abolished, and that the prior practice of bringing such cases to this Court through the medium of a petition under our Rule 68½ was reinstated. The appellant also justifies the parallel direct appeals taken in these cases by reason of the language of Section 9 of Article V of the Constitution regarding rights of appeal.

We find no merit in these contentions. In the first place, the three cases here involved were all commenced prior to the new constitutional changes in the Judiciary Article, and in the second place, Act No. 351 of 1968, adopted December 2, 1968, and implementing in part Section 9 of Article V, places appellate jurisdiction not otherwise provided for in the Superior Court. See *Plains Township School District Appeal,* 438 Pa. 294, 265 A. 2d 358 (1970).

The petitions under Rule 68½ are dismissed and the appeals are remitted to the Superior Court. Act of June 24, 1895, P. L. 212, §9, 17 P.S. §194.