## Baldwin Borough Appeal.

Argued November 10, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*George Raynovich, Jr.,* with him *Stone & Raynovich,* for appellant.

*Arnold V. Plum,* with him *Edward R. Lawrence, Jr.,* and *Lawrence, Van Gorder, Bucey & Plum,* for appellee.

OPINION BY MONTGOMERY, J., December 10, 1970:

The appellees, freeholders of the Borough of Baldwin, seek to annex to the contiguous Borough of White-

hall that part of the Borough of Baldwin wherein their respective properties were situated. The proceedings were filed pursuant to the Act of February 1, 1966, P. L. (1965) 1656, §§431, 432, and 433, 53 P.S. §§45431, 45432, and 45433. The lower court having approved the annexation, this appeal by the Borough of Baldwin followed.

The main issue raised in this appeal is whether the aforesaid Act was repealed by the electorate's adoption on April 23, 1968, of Proposal No. 6, amending Article IX of the Pennsylvania Constitution on Local Government. We have considered this question several times, the latest of which was in *Hempfield Township Appeal (No. 1)*, 217 Pa. Superior Ct. 439, 272 A. 2d 729 (1970), and have held that the new Article IX did not repeal prior statutes pertaining to proceedings pending at the time of action by the electorate.

We are now asked to determine the effect of that article on proceedings commenced after the date of its adoption. The original petition in this case was filed on April 15, 1969; the original adjudication and decree were dated and filed on January 20, 1970; and, following the dismissal of exceptions to the original decree, the final decree approving the annexation, from which this appeal was taken, was dated and filed on September 3, 1970.

It is the contention of the appellant that under §8 of said Article IX, the failure of the General Assembly to enact uniform legislation for changing boundaries of municipalities within two year after its adoption had the effect of repealing the nonuniform statute on which this proceeding was predicated. For that reason appellant argues that the final decree entered in this case after the expiration of the two-year period was invalid.

The first paragraph of §8 of Article IX provides for uniform legislation in this field as follows: "The Gen-

eral Assembly shall, within two years following the adoption of this article, enact uniform legislation establishing the procedure for consolidation, merger or change of the boundaries of municipalities." The second paragraph of §8 provides for changes by initiative and referendum. The fourth paragraph of §8 states, "Nothing herein shall prohibit or prevent the General Assembly from providing additional methods for consolidation, merger or change of boundaries." The Schedule made part of Article IX provides that the first and fourth paragraphs of §8 shall not become effective until two years after the general effective date of the article unless legislation implementing §8 is enacted sooner, whereas the second paragraph providing for initiative and referendum as a method of change is effective immediately.

Our interpretation of §8 is that it provides immediately a new method to consolidate, merge, and change boundaries, i.e., by initiative and referendum, but it also recognizes the right of the General Assembly to provide other methods. The lower court, in its learned opinion, written for the court en banc by Hon. ALTON A. McDONALD, Judge of the Forty-Seventh Judicial District, specially presiding in this case, properly observed that these other methods ". . . may in some instances be similar to those now in effect for the change of boundaries in various type municipalities."

The adjudication in this case, which was filed by the lower court on January 20, 1970 (within two years after the adoption of Article IX), contained conclusion of law No. 2: "The provisions of the Borough Code upon which petitioners rely are in effect and have not been repealed by the 1968 amendment to Article 9, §8 of the Constitution of Pennsylvania." Appellant filed no exceptions to this conclusion but now contends that the proceedings ceased to have constitutional support

after April 23, 1970. In other words, appellant argues that, although the proceedings were legally proper until April 23, 1970, which was the end of the two-year period, they may not be concluded thereafter because the General Assembly failed to carry out the mandate of Article IX, §8, before that date. On April 23, 1970, the last day of the two-year period, appellant's exceptions to the adjudication and original decree were pending. However, on June 16, 1970, before its objections were disposed of, appellant filed a petition to dismiss the proceedings for the reason just stated. The lower court dismissed the petition and we affirm its action.

Although appellant attached to its brief two opinions from the office of the Attorney General of this Commonwealth, to the effect that all prior legislation on this subject was repealed as of April 23, 1970, by reason of the failure of the General Assembly to adopt uniform legislation prior to that date and that thereafter, until the General Assembly acts, the exclusive method whereby changes can be effected is by the initiative and referendum method set forth in §8, paragraph 2, we do not believe that those opinions are applicable to the present situation since they make no reference to pending proceedings.

In view of our prior discussion, we hold that the statute governing these proceedings continued in effect *at least*[1] until the expiration of two years from the

---

[1] Reading §8 of Article IX, in conjunction with the Schedule of effective dates applicable thereto, we note the possibility that the effective date of paragraph one of §8 is four years rather than the two-year period contended by appellant. In other words, for two years after enactment of the Article, there is no mandate for the General Assembly to act since the Schedule makes the first paragraph effective as of April 23, 1970; but for two years thereafter the General Assembly is under pressure to enact uniform legislation. Such an interpretation is consistent with the fact that paragraph four does not become effective until April 23, 1970. It

adoption of the Article since the General Assembly did not act within that period. After the expiration of the two-year period the effect of the inaction of the General Assembly need not be decided at this time. Consistent with our prior decisions on this subject, we hold that, in the absence of legislative action, whatever effect the expiration of the two-year period may have otherwise, it will be prospective and not retrospective; and, further, it will not affect pending proceedings being conducted at that time pursuant to valid statutes. *Butler Township Appeal*, 438 Pa. 302, 264 A. 2d 676 (1970); *Georges Township School Directors*, 286 Pa. 129, 133 A. 223 (1926); *Hempfield Township Appeal (No. 1)*, supra; *Lower Macungie Township Annexation Case (No. 1)*, 213 Pa. Superior Ct. 313, 248 A. 2d 58 (1968). A statement in *Georges Township School Directors*, at

is also consistent with the four-year grace period given the General Assembly before it must enact uniform legislation under §1 of Article IX.

Delegate Manderino (now Hon. Louis L. MANDERINO, Judge of Commonwealth Court), speaking to the Constitutional Convention on Proposal No. 6, stated, "If these first four sections are adopted, what happens the day they are adopted? Nothing happens. All codes remain in effect that are now in effect in the Commonwealth upon adoption of these four sections.

"After four years, the General Assembly would have adopted the new laws relating to home-rule charters and optional forms of government, so that, when the codes are not in effect, there would be substitute legislation. With our faith in the General Assembly to do this, therefore, no hiatus would occur, during that four-year period which is provided for in Section 1 here under Home Rule Charters, and no hiatus would exist under Section 4, because no change would take place until the people voted or the General Assembly acted." 2 Debates of the Pennsylvania Constitutional Convention of 1967-1968, 740, 741, Department of Property & Supplies, Division of Documents, Harrisburg, Pa. (1969).

However, we shall not decide that question at this time since it was not raised in the lower court or at argument and for the further reason that our decision, which is adverse to appellant, is based on other grounds.

page 135, is apropos: " '. . . the Constitution is not to be construed as an abrogation of existing laws, unless the intent is too clear to be mistaken, but, like amendments to the statute law, is deemed to be operative only for the future': White on the Constitution, 21."

Section 96 of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. VII, §96, 46 P.S. §596, and *Lancaster City Annexation Case (No. 2)*, 374 Pa. 537, 98 A. 2d 29 (1953), support our conclusion that these proceedings were properly concluded, regardless of the prospective effect of paragraph one of §8, Article IX, after April 23, 1970.

### Notice

Appellant also questions the jurisdiction of the lower court to hear this matter because of noncompliance with the notice provision of the Act of February 1, 1966, P. L. (1965) 1656, §433, 53 P.S. §45433, which reads, "Notice of the filing of the petition shall be given to the supervisors of the township and to the secretary of the borough and president of council of each borough affected, at least twenty days prior to the date of hearing." Admittedly, written notice of the filing of the petition was not served on the president of either council although served on the secretaries. However, the record supports the finding of the lower court that the petition was discussed at a meeting of Baldwin Borough Council, at which the president presided on April 21, 1969, that he executed an affidavit to the Answer filed thereto by Baldwin Borough on April 23, 1969, and that on July 14, 1969, he appeared and testified at the hearing thereon; also that the president of Whitehall Borough Council received actual notice as early as April 16, 1969, and that he appeared at the hearing thereon and testified that he waived his right to object to the form of the notice.

With a finding of actual notice, there has been a substantial and legal compliance with the notice requirement of the statute. *Hazle Township Appeal,* 400 Pa. 194, 161 A. 2d 600 (1960) ; *Annexation to Borough of Camp Hill,* 142 Pa. 511, 21 A. 978 (1891).

## Merits

Since it is not the function of this Court in this type of case to weigh the evidence or to substitute its discretion for that of the court below, *West Conshohocken Borough Appeal,* 405 Pa. 150, 173 A. 2d 461 (1961) ; *Lower Macungie Township Annexation Case (No. 1),* supra, we have reviewed this record only for the purposes of determining whether the trial court's findings are supported by the evidence, whether it committed an error of law or whether it abused its discretion. Our examination fails to disclose any errors in these particulars.

The decree of the lower court is affirmed.