Hempfield Township Appeal (No. 1).

440

■■■■■■■■■■

■■■■■■■■■■
■■■■■■■■■■
■■■■■■■■■■

Argued November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

■■■■■■■■■■

■■■■■■■■■■

*Robert M. Stefanon,* for appellant.

*Joseph B. Mitinger,* for appellee.

OPINION BY MONTGOMERY, J., December 10, 1970:

From an order of the Quarter Sessions Court of Westmoreland County approving the annexation by the City of Greensburg of 185.44 acres of land in the adjoining Township of Hempfield, the Township has taken this appeal.

The only issue is whether Article IX of the Pennsylvania Constitution as adopted by the electorate at

the election held April 23, 1968, repealed the Act of July 20, 1953, P. L. 550, 53 P.S. §§67501-67508, under which these proceedings were conducted, and for that reason nullified them. This question in a slightly different form and as applied to another statute was before us in *East Donegal Township Annexation Case,* 213 Pa. Superior Ct. 76, 245 A. 2d 706 (1968), and in *Lower Macungie Township Annexation Case (No. 1),* 213 Pa. Superior Ct. 313, 248 A. 2d 58 (1968), allocatur refused, 217 Pa. Superior Ct. lxiv, and *Lower Macungie Township Annexation Case (No. 2),* 213 Pa. Superior Ct. 321, 248 A. 2d 63 (1968), allocatur refused, 217 Pa. Superior Ct. lxiv. Therein we held that said Article IX did not repeal prior applicable statutes. However, appellant now urges us to reconsider the question in the light of the Schedule made part of said Article IX which provides, "This new article and the repeal of existing sections shall take effect on the date of approval by the electorate, except . . ." Appellant contends that this applies not only to sections of Article IX but to Acts of Assembly as well. We do not agree.

The Schedule does not specifically refer to statutes and in enumerating the excepted sections it makes reference only to sections of Article IX. In the cases we previously cited we said that the repeal of statutes by new constitutional provisions must be clear and unambiguous. We adhere to this principle and in applying it conclude that the Schedule relied on by appellant does not support its contention. We hold that the Schedule refers only to sections of Article IX.

The present proceedings were authorized by an ordinance of the City of Greensburg enacted July 11, 1966, and were not affected by the adoption of Article IX on April 23, 1968. *Lower Macungie Township Annexation Case (No. 1),* supra. In the three cases previous-

ly cited the proceedings were completed except for disposition of pending appeals. In the present case an order approving the annexation had been entered on July 26, 1967, but on appeal we vacated that order on December 14, 1967, *Hempfield Township Annexation Case*, 211 Pa. Superior Ct. 180, 237 A. 2d 244, and remanded the case to the lower court for further proceedings, which were pending at the time of the election, and resulted in a new order approving the annexation dated July 30, 1968.

This difference in the progress of the proceeding does not affect the result. This was a pending proceeding at the time of the election and was not affected by it.

Order affirmed.