In Re: Abolition of Wards and Election of
Councilmen at Large of the Borough
of Jefferson.

Argued March 4, 1971, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MANDERINO, MENCER and ROGERS.

*Francis A. Barry,* for appellant.

*Lloyd H. Fuge,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 15, 1971:

This appeal concerns the propriety of an order issued by the Court of Common Pleas of Allegheny County, acting pursuant to the Act of February 1, 1966, P. L. (1965) 1656, No. 581, §601, 53 P.S. §45601 and §816, 53 P.S. §45816, whereby it abolished the ward system in the Borough of Jefferson and ordered the election of councilmen at large. Appellants filed three exceptions to the initial decree *nisi* issued by the court below pursuant to Section 603 of the above Act, 53 P.S. §45603, alleging in these exceptions (1) that the commission appointed by the court misconceived its purpose to be the reapportionment of the Borough and therefore did not base its recommendations on sufficient evidence; (2) that the governing body of the Borough is the only body which has the power to reapportion the Borough; and (3) that a full opportunity for public discussion and hearing was not afforded all interested parties in contravention of the Fourteenth Amendment to the United States Constitution. These exceptions were argued before the court below and dismissed for lack of merit. Appellants have appealed that dismissal to this Court.

The scope of review of this Court has been delineated in *Ambridge Borough Electors Petition,* 425 Pa. 203, 204, 228 A. 2d 774 (1967); *West Conshohocken Borough Appeal,* 405 Pa. 150, 160-61, 173 A. 2d 461 (1961); and *Baldwin Borough Appeal,* 217 Pa. Super. 346, 272 A. 2d 731 (1970). In the *West Conshohocken* case, the Supreme Court stated: "[W]e look beyond jurisdiction of the court below and regularity of the proceedings to determine, by examining the testimony,

whether the findings are supported by evidence or whether the court was guilty of an abuse of discretion in such connection or an error of law': Bell Appeal, [396 Pa. 592, 611]. We do not, however, weigh the evidence or substitute our discretion for that of the court below." 405 Pa. at 160-61.

Upon careful examination of the record, we hold that the court below has not committed either an abuse of discretion or error of law in dismissing the three exceptions filed by appellants. Furthermore, we are in general accord with the very able opinion by Judge BROWN analyzing both the legal and factual merit of these exceptions. For the above reasons, this Court, by order dated March 4, 1971, has affirmed the order of the Court of Common Pleas of Allegheny County.