## Ricardi Gatto, Appellant, *v.* Borough of Elwood City, Appellee.

70

Argued November 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*George P. Micacchione,* for appellant.

*Marvin A. Luxenberg,* with him *Keller & Luxenberg,* for appellee.

OPINION BY JUDGE WILKINSON, November 26, 1973:
These are appeals from the orders of the Court of Common Pleas of Lawrence and Beaver counties which confirmed absolutely the report of Commissioners ap-

pointed by both Courts to inquire into the propriety of granting the prayer of a petition of the Borough of Ellwood City that the wards in the Borough of Ellwood City be abolished and councilmen be elected at large. Petitions had been filed with the Courts of Common Pleas of both counties, because part of the Borough of Ellwood City is in each county. Each Court appropriately appointed the same Commissioners. Appellant filed exceptions to the Commissioners' report as lodged in the Court of Common Pleas of Lawrence County, which Court considered the exceptions along with the report, dismissed the exceptions as being without merit, and confirmed the Commissioners' report absolutely. Appellant did not file exceptions to the report as filed in Beaver County, and that Court confirmed the report absolutely, noting that exceptions had not been filed.

Inasmuch as we are affirming the decision of the Court of Common Pleas of Lawrence County in 286 Commonwealth Docket 1973, in which exceptions were filed, it is not necessary for this Court to consider the question of what would happen under these peculiar circumstances where exceptions were not filed in Beaver County in 336 Commonwealth Docket 1973. If we had considered the exceptions to have had possible merit, it might be that we would have remanded the case to Beaver County for that Court to consider the exceptions. Since we agree with the decision of the Court of Common Pleas in Lawrence County that the exceptions are without merit, it is not necessary to decide this procedure, and the decisions of both Courts are affirmed.

The petitions were presented pursuant to and in compliance with Section 602 of The Borough Code, Act of February 1, 1966, P. L. (1965)     No. 581, as amended, 53 P.S. §45602. *Inter alia,* this Section provides that the Court "may appoint three impartial persons, none

of whom shall be residents or property owners in the borough. . . ." The only exception with sufficient merit to warrant discussion is the first exception which raises the question of whether one of the Commissioners was disqualified by virtue of having extensive manufacturing commercial interests located within the Borough and, therefore, could not be considered to be an impartial person. In his brief, appellant argues that this Commissioner has a mailing address of Ellwood-Fombelle Road, Ellwood City, which indicates that he is a resident of the Borough of Ellwood City. Even making due allowance for advocacy, we must observe that not only is this beyond the bounds of arguing from the record, but it is directly contrary to the fact alleged in appellant's Exception No. 1, where he alleges that this Commissioner *is not* a resident.

Appellant argues further that this Commissioner is president of a local, closely held corporation and is a stockholder as well. Neither of these assertions is alleged in the exceptions that were properly filed. Unless they are submitted as evidence of not being impartial, which certainly should be alleged with particularity, they cannot be alleged in supporting that this Commissioner is disqualified as a property owner, for this is not asserted in the properly filed exceptions.[1]

In considering the lower court's decision that the fact that one Commissioner had extensive manufacturing commercial interests located in the Borough did not disqualify him as being partial, we are limited to

---

[1] The Commissioners' report was filed in Lawrence County on January 15, 1973. The court order was properly published, and 30 days from the filing date were allowed for exceptions. Appellant duly filed exceptions on February 14, 1973. These were dismissed on February 16, 1973. On March 8, 1973, appellant petitioned to file further exceptions, raising the question of the ownership of the shares in the closed corporation. The prayer of this petition was properly refused.

considering whether there was an abuse of discretion or an error of law. *In Re: Abolition of Wards and Election of Councilmen at Large of the Borough of Jefferson*, 1 Pa. Commonwealth Ct. 345, 274 A. 2d 778 (1971). We cannot find any such abuse of discretion or error of law in this case.

These three Commissioners appear to have proceeded as directed by the Court. The record shows that they held a duly advertised public hearing, at which all parties, including the appellant, were given an opportunity to present their views. Time was granted following the public hearing for written material to be submitted by interested parties for consideration by the Commissioners. Contrary to appellant's assertion in his brief, we consider the report submitted by the Commissioners to be a complete and adequate one, setting forth as it does the arguments presented on both sides of the question. We find no evidence in this record to support appellant's position that the Commissioners misconceived the purpose of their appointments, or that they failed to hold adequate hearings within the purview of the Fourteenth Amendment to the United States Constitution. Indeed, it must be noted that prior to the filing of the Commissioners' report, appellant did not file any objections with the Court or with the Commissioners challenging the eligibility of one of the Commissioners. Further, at no place in the record, either in the exceptions timely filed, or in those that were disallowed as untimely, are there any exceptions to the nature or extent of the hearing, or to the manner in which it was conducted.

The court orders in the above cases are affirmed.