## Lancaster Annexation Case.

Argued March 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louis S. May,* with him *Windolph, Burkholder & Hartman,* for Lancaster Township.

*Harris C. Arnold,* with him *Arnold, Bricker & Beyer,* for East Lampeter Township.

*Bernard J. Myers, Jr.,* for school District of East Lampeter Township.

*John B. Rengier,* Assistant City Solicitor, with him *Bernard M. Zimmerman,* City Solicitor, for City, appellee.

OPINION BY ERVIN, J., June 11, 1957:

The five appeals in these annexation cases are further evidence of the fact that the City of Lancaster is continuing to experience growing pains.

Appeals Nos. 74 and 77 (agreed by counsel to be called the Northern Area Case) and appeals Nos. 75, 76 and 78 (agreed by counsel to be called the Southern Area Case) involve substantially the same questions and may be disposed of in one opinion.

The proceedings arose under the Act of 1953, July 20, P. L. 550, 53 PS §§67501-67508.[1] Before the enactment of this statute, annexations to third class cities were governed by §§501 to 505 of The Third Class City Code, 53 PS §§35501-35505.[2] Under that code the court of quarter sessions only had to "decide whether the proceedings are in conformity with this act. . . ."

---

[1] Formerly 53 PS §§111-118.
[2] Formerly 53 PS §§12198-501-505.

The court did not have the power to hear the matter on its merits nor to determine the propriety of the annexation. Under the 1953 Act the court must be satisfied with the "legality of the proceedings *and . . . the propriety of the annexation as serving public interests. . . . .*" (Emphasis added)

The 1953 Act is silent as to an appeal from the lower court. Our scope of review under this act is by broad certiorari and we are obliged to consider the record, including the testimony, to determine whether the findings and conclusions of the lower court are supported by competent evidence and we are also obliged to correct any conclusions of law erroneously made. *Hazle Township Annexation Case,* 183 Pa. Superior Ct. 212, 215, 216, 130 A. 2d 230; *Plum Township Annexation Case,* 178 Pa. Superior Ct. 376, 380, 381, 116 A. 2d 260. Failure of the lower court in either of these particulars would constitute an abuse of discretion. Of course, we are not to substitute our discretion for that of the lower court. That function was committed exclusively to that court by the legislature. In both cases the commissioners declined "to consider testimony, exhibits or the brief of counsel" for the school districts concerned, on the authority of *Irwin Borough Annexation Case,* 171 Pa. Superior Ct. 256, 90 A. 2d 365. This was a correct ruling. We further considered this question in *Hazle Township Annexation Case,* supra, and arrived at the same conclusion. The State Council of Education has exclusive authority to decide the question of the propriety of the annexation for school purposes and only it can determine the ultimate effect of the annexation upon the school districts concerned. *Esbenshade v. Dept. of Public Instruction,* 181 Pa. Superior Ct. 232, 241, 124 A. 2d 478, affirmed 387 Pa. 281, 127 A. 2d 678.

Having charted our course, we may now go forward and review the record.

In both of these cases petitions signed by all of the property owners involved were presented to the City of Lancaster seeking annexation. The City passed annexation ordinances and certified the same to the court of quarter sessions. The townships and school districts presented timely complaints asking for appointment of a board of commissioners as a fact finding body. The court appointed the board of commissioners and submitted questions for answer, in accordance with the 1953 Act. The commissioners filed written reports answering the questions. The court, after considering the answers, "There being no request for a hearing before the court . . . ." and the pleadings and the briefs submitted by counsel, affirmed the annexations. Thereafter the court stayed all proceedings and heard oral rearguments by counsel and received further written briefs. On November 9, 1956 the court, still feeling "that the public interests would best be served by the annexation", filed two orders "reaffirming" the annexation in each case. From these orders the following appeals were taken: No. 74, School District of East Lampeter Township; No. 77, Supervisors of East Lampeter Township; (the two above appeals are involved in the Northern Area Case) ; No. 75, School District of East Lampeter Township; No. 76, Supervisors of Lancaster Township; No. 78, Supervisors of East Lampeter Township (the three above appeals are involved in the Southern Area Case).

In both cases appellants say that "The Commissioners found and recommended against approval of the annexation." Then the court is criticized for rejecting the commissioners' recommendation and confirming the annexations without making "countervailing findings." Appellants argue that this constitutes an abuse of dis-

cretion. We have read the commissioners' reports and they do not expressly recommend against approval of the annexations. In answering the questions propounded to them, the commissioners state the advantages and disadvantages to the city and the townships. The commissioners feel, because the annexations will cause irregular lines between the two municipalities and because there is no future plan for the entire area, that the enterprise does not constitute good city planning.

The 1953 Act does not impose upon the commissioners the duty of recommending for or against annexation. They are a fact finding body but they do not have the responsibility of making the final decision as to annexation. The legislature placed upon the court the duty of determining "the propriety of the annexation as serving public interests. . . ." Of course, the court is directed to consider the findings of the board, "together with any facts that may be submitted to it, and shall make an order either dismissing the proceedings or affirming the annexation."

In determining the ultimate question of annexation, the court should consider not only the municipalities involved but also the interests of the owners of the property within the area to be annexed.

The territory in the northern area consists of 170 acres of land in East Lampeter Township adjacent to the city boundaries. The area to be annexed is farm land, excepting 60 acres belonging to Schick, Inc., on which is erected a large manufacturing plant, and two lots, one occupied by the Lancaster Tool and Die Shop, and the other by Ray Klump, a builder, as a storage shed. There are also a number of other industries being developed on land closely adjacent to the area sought to be annexed. The appellants complain that there was no evidence in the record upon which the

lower court could base its decision that the annexation was in the public interest. W. J. Ryan, Secretary-Treasurer of Schick, Inc., one of the petitioners, testified that his corporation had erected its new manufacturing plant in East Lampeter Township solely because city facilities were made available to it by the city and that it now desires to be annexed to the city to have available the other municipal services offered by the city. The addition of the Schick plant to the community is in the best public interests of the community as a whole. That plant employs 900 people and it needs police protection (not offered by the township), sewers and water (not furnished by the township) and fire protection to protect the $3,000,000.00 plant. The township has two volunteer fire companies of its own but the city has full time paid firemen.

In its opinion the lower court said: "There is no appreciable loss of revenue to the Township when it is considered that of the total loss of assessment to the Township, namely, $526,800, $500,000 represents the assessment of Schick, Inc., which the Township would not have had in any event except for water and sewer services. These services could only be furnished by the City of Lancaster and were the inducing factors for Schick, Inc., to locate in this area." In *Irwin Borough Annexation Case,* supra, we approved the following statement by Judge McWHERTER in his dissenting opinion in the lower court: " 'Here we are confronted with the question of the propriety of the physical annexation of the territory proposed to be annexed to the Borough of Irwin. A majority of the citizens of the territory proposed to be annexed have signed the petition. Council for the Borough of Irwin has approved the petition for annexation. It is not the province of this Court to set aside the will of the petitioners and

the Borough unless cogent reasons appear in the record.' "

In *Pleasant Hills Borough Incorporation Case,* 161 Pa. Superior Ct. 259, 264, 53 A. 2d 882, this Court, in considering the rights of incorporation of a borough from a township, said: "In any view, the disadvantages to the township supply no good reason for denying the right of incorporation as a borough to residents seeking to attain an efficient local self-government suitable to their needs. The law never intended to protect a township in maintaining its boundaries intact at the expense of a town within its borders."

In *Lancaster City Annexation Case (No. 1),* 374 Pa. 529, 533, 98 A. 2d 25, our Supreme Court said: "This Court, in that case [Lackawanna Township, Harris's Appeal, 160 Pa. 494, 28 A. 927], speaking through Mr. Justice WILLIAMS, expounded quite interestingly the principle that annexation is an intrinsic right and duty imposed upon municipal corporations, by the very exigencies of social progress and governmental orderliness: Justice WILLIAMS pointed out the growth of a city may be rapid: 'Buildings may extend beyond its lines, and adjoining territory may be laid out by extending the city streets over it, and become undistinguishable from the city proper. It then becomes important for the people residing upon this territory, and for the city itself, that sewers, gas and water mains, police and fire protection, be extended over the district which, though separate in law, is physically a part of the city. The people residing on the territory so situated ask the city to take them in, and the city grants their request by an ordinance passed in the usual manner. This is an act that requires no special authority to sustain it. It is in the line of municipal legislation, needful for the proper government of the city, as its expanding proportions and municipal needs

outgrow their original limits. The legislature has taken this view of the subject.' "

In the northern area case the annexation will reduce the total township assessment 8.63 per cent. In *Pleasant Hills Borough Incorporation Case,* supra, we approved the propriety of residents of the township incorporating into a borough in which there was a loss to the township of more than one-half of its tax revenue. Judge HIRT, at p. 264, said: "Certainly the loss of more than one-half of its tax revenue is a matter of concern to the township but it will not be in worse position than it would have been if it had assumed the financial burden of providing adequately for the needs of the community here involved."

The mere fact that there is not a future plan for the entire area should not be controlling. As heretofore pointed out, the area proposed to be annexed in the northern area case has erected upon it a $3,000,-000.00 industrial plant and the surrounding land is also industrially developed. The future of this area is determined and a future plan could not change the industrial character of the land as it now is. Appellants complain that affirmance of this annexation would make their industrial developments nearby subject to "raiding" by the city. The 1953 Act permits annexation by the city only after a petition is presented to it by the owners requesting the annexation. In these cases the owners were motivated by the advantages and services which could be obtained from the city and which the township either was unable or unwilling to furnish. The piecemeal character of the annexation results from the procedure presently prescribed by the legislature. The city must await the petition of the property owners before it can exercise the act of annexation. Although this results in geographic irregularity, the present procedure does serve as a

sound and practical deterrent to any overzealousness which the city might have.

A further contention of the township is the additional burden placed on the township in maintaining its roads because of the increased traffic. We approve the following language of the lower court in answer to this contention: "While it is true that there would be this additional burden, it is an additional burden that every municipality has been required to face since the advent of motor vehicle travel. Prior thereto almost all travel was within the Township itself, now it comprises as much, if not more, of inter-township travel. Since the institution of this proceeding the Commonwealth of Pennsylvania, by Act of Assembly, has established the Bridgeport-Eden Road as a State Highway. This will remove one of the Township's objections since it will relieve the Township of future maintenance of this road leading into the area to be annexed. Furthermore, the area to be annexed is adjacent to the East-West by-pass and an access point to that by-pass was provided by the Commonwealth, thereby affording some relief to the township roads."

The territory in the southern area case consists of 439.172 acres of land in Lancaster, East Lampeter and West Lampeter Townships. West Lampeter Township did not join in the complaint but appeared at the hearing and objected to the annexation. The area to be annexed is farm land, dwellings, developments known as Hilltop Acres, Lafayette Hills and Conestoga Gardens, and two public parks owned by the City of Lancaster. The assessed valuation of the territory to be annexed in East Lampeter Township is $13,000.00, in Lancaster Township $15,000.00 and in West Lampeter Township approximately $48,600.00. These losses of assessable property would be insignificant as compared to the loss in *Pleasant Hills Borough Incorporation*

*Case,* supra. A goodly portion of the area to be annexed, exclusive of the two public parks, consists of homes and building lot developments.

Benjamin R. Groff, of West Lampeter Township, testified that he is a builder and developer and has an option to purchase Fairfield Acres and that he favors annexation because it would afford better fire and police protection. None of the three townships in the southern area case have a water system or a sanitary sewer disposal system. The residential development of this territory very largely depends upon whether they can obtain the necessary fire and police protection and sanitary sewer and water services. The area comprising Williamson and Kiwanis Parks, owned by the City of Lancaster, will be more accessible if the territory is annexed and the city can build more roads thereto. A further argument of the townships is that most of the area to be annexed is accessible to the city only by passing over intervening townships and township roads, thus placing an additional burden on the townships in the maintenance of their roads. We approve the lower court's answer to this argument, which is the same as that heretofore mentioned in connection with the northern area case.

The other arguments in connection with the southern area case are similar to those presented in the northern area case and have been heretofore considered.

We have carefully reviewed this entire record and are satisfied that the lower court took into consideration all of the relevant factors involved in this controversy, arrived at a proper result, and did not abuse its discretion.

Appeals Nos. 74 and 75 of the School District of East Lampeter Township are dismissed because the

School District is not a proper party to these proceedings.

The orders of the lower court in Nos. 77 and 78, in the appeals of the supervisors of East Lampeter Township, and No. 76, in the appeal of the supervisors of Lancaster Township, are affirmed.