## Nottingham Fire Company Charter Case.

Argued January 13, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and McBRIDE, JJ.

*Leonard Barkan,* with him *Allen D. Williams, Jr.,* for appellants.

*Roland E. Sykes,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 16, 1959:

Five fire companies of Bensalem Township, Bucks County, have jointly appealed from the order and decree of the court below approving Articles of Incorporation of a sixth fire company for the township and decreeing that the new corporation should come into existence on the terms stated in the Articles, when duly recorded, and that, as so recorded, the Articles should constitute the charter of the corporation to be known as the Nottingham Fire Company. As the applicable statute neither authorizes nor prohibits an appeal, the certiorari upon which the action of the court below is now before us is consequently broad. See *In re Elkland Leather Workers' Association, Inc.,* 330 Pa. 78, 80, 198 A. 13.

The matter came before the court below on its merits upon exceptions of the appellant fire companies to the Report of the Master appointed by the court under the provisions of the Nonprofit Corporation Law of May 5, 1933, P. L. 289, as amended, 15 PS §2851-1 et seq. When the application for a charter was first presented to the court, the appellants averred by way of a petition that the incorporation of an additional fire

company for Bensalem Township would be injurious to the community and to the residents of the township. The petition requested that the court set a day for a hearing on the charter application or appoint a Master to take testimony and make a Report as to the propriety of granting the application.

Section 207 of the Nonprofit Corporation Law of 1933 provides in part that "The court shall consider the application. It may hear evidence, if any there be, on behalf of the applicants and against the application, or it may refer the application to a master to make report as to the propriety of granting the application. In such case, upon the filing of the master's report, the court shall grant the applicants and protestants a hearing, if exceptions are filed by either of them."

Pursuant to the statutorily prescribed procedure, the court appointed a Master who, after a hearing, filed a report recommending the granting of a charter. Following argument on exceptions by the protesting fire companies to the Master's Report, the court found, as the Master had likewise found, that "the Articles are in proper form and within the provisions of the 'Non-Profit Corporation Law of the Commonwealth of Pennsylvania', approved May 5, 1933, P. L. 289 and its amendments, and that the purposes given in the Article are lawful and not injurious to the community." This was consonant with Section 207 of the Nonprofit Corporation Law of 1933, as amended, which provides that "If the court shall find the articles to be in proper form and within the provisions of this act, and the purpose or purposes given in the articles to be lawful and not injurious to the community, and that the name is presently available for corporate use, as evidenced by certificate from the Secretary of the Commonwealth issued within six months, the court shall so certify on the articles, and shall order and decree thereon that

the articles are approved and that, upon the recording of the articles and the order, the corporation shall come into existence for the purpose or purposes and upon the terms stated therein; otherwise, the court shall refuse the application for a charter."

It is indeed difficult to perceive what it is that the appellants seek to urge upon us as an error of law on the part of the court below. The sole question posed by the appellants appears to be wholly academic in the circumstances. Their brief states the question involved as follows: "Is it not the duty of the court in passing upon an application for a charter under the provisions of the Nonprofit Corporation Law to determine whether the formation of the corporation will in fact result in injury to the public, rather than merely to find whether the purposes as set forth are lawful and whether the motives of the incorporators are proper?". But, that was not all that the court below found. It specifically concluded that "the purposes given in the Article [of incorporation] are lawful and not injurious to the community." Such was the court's appropriate function. In *Conversion Center Charter Case*, 388 Pa. 239, 243, 130 A. 2d 107, we said in respect of a first class charter application, "The function of the court was to satisfy itself that the purposes set forth in the proposed articles are 'lawful and not injurious to the community.'" The lower court's conclusion in this regard logically followed from the Master's competent and well supported findings.

The appellants' idea seems to be that the Master should have affirmatively found facts which would support reasons why the granting of a charter would *not* be injurious to the community. But that would be to impose the burden of proof on the wrong party. One is not required to negative a fact of which there is no affirmative proof either direct or presumptive.

The protestants failed to prove anything from which it could reasonably be inferred that the incorporation of the proposed fire company would be injurious to the community. Their case rested on no more than the cupidity of competing supplicants for public and private financial support and favor. The Master's well considered report should have disabused their minds of any thought that the incorporation of the Nottingham Fire Company would be injurious to the community.

The order and decree is affirmed at the appellants' costs.