Robinson Township Appeal.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Joseph I. Lewis,* with him *Ernest Butya,* for appellant.

*T. Robert Brennan,* with him *Brennan and Brennan,* for appellee.

OPINION BY RHODES, P. J., June 10, 1959:

This is an appeal by the Township of Robinson, Allegheny County, from an order and decree of the Court of Quarter Sessions of Allegheny County determining that the annexation of a tract of land within the township by the Borough of Carnegie was legal and proper as serving the public interests. Upon our own motion we are obliged to quash the appeal as premature because it has been taken from an interlocutory order. We observe also that the appeal in this case, even if

it were from a final and appealable order, should properly be taken to our Supreme Court.

This annexation proceeding arises under the Act of July 20, 1953, P.L. 550, 53 PS §67501 et seq. On December 12, 1956, the Borough of Carnegie certified to the Court of Quarter Sessions of Allegheny County the annexation petition of the majority of the freeholders of the territory to be annexed together with the borough ordinance approving the petition and certain related exhibits. On January 10, 1957, the Township of Robinson filed its complaint attacking the legality and propriety of the annexation and requesting the appointment of a board of commissioners to inquire into the matter.[1]

After hearing and argument the court below on December 9, 1958, dismissed the legal objections of the Township of Robinson and entered its order and decree determining that the annexation proceeding was legal and proper as serving the public interests. This appeal followed.

The Act of 1953 provides a full and complete procedure for the annexation of parts of a second class township to boroughs, cities, and townships. *Hazle Township Annexation Case*, 183 Pa. Superior Ct. 212, 219, 130 A. 2d 230. It appears from the Act in its entirety that the determination of the legality and pro-

---

[1] Thereafter, on January 18, 1957, the Borough of Carnegie moved to strike off the complaint, but on June 27, 1958, the motion to strike was withdrawn. On July 30, 1958, the township, with leave of court, filed an amendment to its complaint. A hearing was held before Judge McKay, specially presiding, on July 31, 1958, after which an adjudication was filed dismissing the legal objections raised by the township and determining that the annexation was legal and proper as serving the public interests. Exceptions to the adjudication which were filed by the township were heard by the court in banc and were dismissed.

priety of the annexation proceeding in this instance was an initial and interlocutory proceeding, designed principally to permit a further and full hearing on the merits of the annexation before final approval or disapproval is given. The Act of 1953 consists of eight sections. Section 1, 53 PS §67501, provides for the initiation of the proceeding by the petition of a majority of the freeholders of the territory to be annexed. If the petition is accepted and approved by the annexing municipality the petition, ordinance, and related exhibits are certified to the Court of Quarter Sessions. Section 2, 53 PS §67502. Thereafter the annexation may take one of two general courses. If no complaint is filed to the annexation the court is obliged to satisfy itself as to the legality of the proceeding and propriety of the annexation as serving the public interests before it may affirm the annexation. Section 2, 53 PS §67502.

Where, as here, a complaint is filed to the annexation the court is also required to determine the legality and propriety of the annexation, but in such case this is preliminary to further proceedings before the board of commissioners appointed by the court to hold hearings and to make findings of fact on certain enumerated matters.[2] Thereafter the court considers the findings of the board and any other facts that may be submitted to it before it acts with finality in either dismissing

---

[2] The board of commissioners "shall inquire into and make findings of fact as to (1) the relative advantages and disadvantages to the borough, city or township, and the township affected by the annexation, (2) the assessed valuation of the township, the assessed valuation of the territory to be annexed, and how the annexation would affect the remainder of the territory, (3) the township indebtedness, (4) the value of all public improvements, including, but not limited to, roads, buildings and sewers in the territory to be annexed and the indebtedness chargeable thereto, (5) the future plan of the entire area, and (6) any other matters directed by the court." Section 4, 53 PS §67504.

the proceeding or affirming the annexation.[3] See sections 3, 4, and 5, 53 PS §§67503, 67504, 67505; *Lancaster Annexation Case*, 183 Pa. Superior Ct. 618, 623, 132 A. 2d 743.

The initial determination of the legality and propriety of the annexation proceeding where a complaint has been filed under section 3 of the Act, 53 PS §67503, is therefore only a preliminary and interlocutory determination.

Interlocutory orders or decrees are generally not appealable; an exception is made where such order has a final and conclusive effect. "Interlocutory orders or decrees which have the effect of putting a litigant out of court or are capable . . . of ultimately constituting a conclusive adjudication of the . . . [proceeding] are appealable." *Com. v. Elias*, 394 Pa. 639, 641, 149 A. 2d 53, 54. The order in the instant case has no such final and conclusive effect. Although the court initially determined on the record then before it that the proceeding is legal and proper, it is possible under the Act that the annexation may subsequently be found to be improper after a full factual hearing is held and the matter finally reviewed by the court pursuant to section 5, 53 PS §67505. The order of the court below was merely preliminary to further proceedings before final determination is made. It was consequently not appealable.

We note also that appeals from final determination in annexation cases under the Act of 1953 should now be taken to the Supreme Court rather than to this Court. The Act of 1953 is silent as to an appeal from

---

[3] Section 6, 53 PS §67506, concerns the effective date of the annexation if it is affirmed; section 7, 53 PS §67507, concerns the adjustment of indebtedness and payment of taxes if the annexation is affirmed; and section 8, 53 PS §67508, provides for the compensation of the board of commissioners.

574

the final order of the court below. See *Lancaster Annexation Case,* supra, 183 Pa. Superior Ct. 618, 621, 132 A. 2d 743. As the statute neither authorizes nor prohibits an appeal, the matter may be reviewed only on broad certiorari, a jurisdictional power derived from the King's Bench and possessed solely by the Supreme Court. *Nottingham Fire Company Charter Case,* 394 Pa. 631, 632, 149 A. 2d 119; *Delaware County National Bank v. Campbell,* 378 Pa. 311, 316, 106 A. 2d 416.

Appeal is quashed.