## Chartiers Township Appeal.

Argued March 18, 1964.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard DiSalle,* for Chartiers Township, appellant.

*Patrick C. Derrico,* with him *Greenlee, Richman, Derrico & Posa,* for Borough of Canonsburg, appellee.

OPINION BY MR. JUSTICE JONES, April 21, 1964:

This is an appeal from an order of the Court of Quarter Sessions of Washington County which approved the annexation of a portion of Chartiers Township to the Borough of Canonsburg, all in Washington County.

Involved in this annexation proceeding are forty acres of land in Chartiers Township which acreage adjoins Canonsburg Borough.   Of these forty acres

of land twenty acres are owned by one John Kmet, eight acres by St. Patrick's cemetery and twelve acres by various freeholders. In the area are 45 freeholders of whom 33 freeholders, on February 12, 1962, presented a petition to Canonsburg Borough Council.

The annexation petition was adopted and approved, by appropriate resolution, by the borough council on February 20, 1962, and the petition was certified to the Court of Quarter Sessions of Washington County on February 23, 1962. Within the requisite statutory period, the supervisors of Chartiers Township and certain freeholders in the area filed a complaint to the annexation ordinance and petition and requested that the court appoint a board of commissioners to act as a fact-finding body in the matter. On the same day the court appointed a three member board of commissioners to perform its duties under the law.

On June 15, 1962, the board of commissioners held a hearing for the purpose of establishing the facts and, after such hearing, the board filed a report and later an amended report with the court.[1] The court then requested the board, although the board was not so required by statute, to make a recommendation to the court and the board unanimously recommended that the annexation petition be denied and the annexation proceedings dismissed. On October 5, 1962, the court made an order which directed annexation and approved of said annexation. This order recited that it was made after a review of the pleadings, the board's reports, the applicable statute and that the court found that a majority of the freeholders in the area approved of annexation, that the legal requirements had been complied with and that the court was satisfied of the

---

[1] The stated purpose of the amended report was to explicitly state their findings of fact in a manner to conform with the statutory requirements.

propriety of the annexation. Exceptions filed to this order were dismissed and the previous order approving annexation was confirmed. This order recited, inter alia, that "[w]hile this Court sympathizes with Chartiers Township with respect to the loss of tax revenue and other disadvantages, *this Court . . . is powerless to withhold its approval where a majority of the persons involved, has expressed their desire to be annexed* to the Borough of Canonsburg." (Emphasis supplied). From that order the instant appeal was taken.[2]

The procedure for the annexation of territory in a second class township, such as Chartiers Township, to a borough, such as Canonsburg Borough, is set forth in the Act of July 20, 1953, P. L. 550, §1 et seq. (53 PS §67501). Under that statute, initiation of annexation is by "a majority of the freeholders in the proposed annexed territory". (Section 1). After the annexation petition has been presented to and approved by the borough council, the petition is certified to the court of quarter sessions. (Section 2). Section 3 provides that, if within thirty days, an aggrieved party complains to the court, asking for the appointment of a board of commissioners as a "fact finding body", then the court shall appoint such a board. However, as a prerequisite to the appointment of a board, the court must initially satisfy itself as to the *legality* of the proceedings and the *propriety* of the annexation, i.e., that it serves the public interest: *Lancaster An-*

---

[2] The original order was made October 5, 1962, and the order from which this appeal was taken was made July 1, 1963. Between these two orders exceptions had been filed and argued before the court en banc. This appeal was taken within 6 weeks of the last order and 11 months after the first order. In an order permitting the filing of exceptions the court directed a stay of all proceedings. Under the circumstances, the appeal was timely made. Cf. *Hinnershitz v. United Traction Co.*, 206 Pa. 91, 55 A. 841.

*nexation Case,* 183 Pa. Superior Ct. 618, 621, 623, 132 A. 2d 743; *Robinson Township Appeal,* 189 Pa. Superior Ct. 569, 571, 572, 573, 151 A. 2d 836. Upon being so satisfied, the court *then* appoints a board of commissioners. While this board is merely a "fact finding body" (Section 4) without "the duty of recommending for or against annexation" *(Lancaster Annexation Case,* supra, 623), nevertheless, the court must give consideration to the findings of the board as well as any other facts submitted to it. (Section 5).

In the case at bar, the board not only filed reports setting forth its findings but, thereafter, *at the court's request,* made a recommendation adverse to annexation.

Our scope of review is on broad certiorari: *West Mead Township Appeal,* 411 Pa. 94, 191 A. 2d 273; *Carnegie Borough Annexation Case,* 408 Pa. 146, 182 A. 2d 527. On such review it is our duty to correct any error of law or abuse of discretion committed by the court below.

On the face of the order from which this appeal was taken the order is patently erroneous. The court stated therein "that it [was] powerless to withhold its approval where a majority of the persons involved, has expressed their desire to be annexed" (emphasis supplied) and, on the basis of this solely assigned reason, the court dismissed exceptions to the original order and approved the annexation. If the reason assigned by the court is correct, then *every* petition for annexation must be approved and granted for no annexation petition may even be initiated unless signed by a majority of the freeholders in the area sought to be annexed.

What the court overlooked is its duty under the statute. Granted that the majority of the freeholders in the area desire annexation and that such fact is a factor to be considered among other factors in deter-

mining the desirability and propriety of annexation, there are other factors which must be considered and weighed by the court. Assuming, although the record does not so indicate, that the court *prior to* the appointment of the board *initially* determined the legality of the procedure and the propriety of the proceeding, nevertheless it is the duty of the court after the board of commissioners has made its findings of fact to "consider the findings of the board" and "any facts that may be submitted to [the court]" (Section 5) and, after a review of such facts and findings, to reach a final determination. Both the language and logic of the statute requires an *initial* determination, interlocutory in nature, of the legality and propriety of the annexation and a *final* determination of the legality and propriety of the annexation on the basis of all the facts then before the court. An order of annexation based solely on the fact that a majority of the freeholders in the area to be annexed desire such annexation is erroneous. The statute clearly makes the wishes of the majority of the area freeholders only one of the factors to be considered; consideration of such factor as the sole factor, as the court clearly indicates in its final order, negates both the language and the intent of the statute.

Order reversed and the matter remanded to the court below so that full consideration by the court may be given to the findings of the board in its two reports together with any other facts submitted to the court. Costs to abide the event.