## Wayne Township Appeal.

Argued November 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Herbert J. Johnson, Jr.,* with him *Barney Bernard,* and *Evans, Johnson, Scarpitti, Bernard, McCullough & Wittman,* for appellant.

*Douglas D. Rozelle,* City Solicitor, for appellee.

OPINION BY MONTGOMERY, J., June 22, 1971:

This is an appeal by Wayne Township from an order which approved the annexation of a part of Wayne Township to the City of Corry, Erie County, Pennsylvania.

Appellant, Wayne Township, assigns as error the failure of the lower court to determine preliminarily and interlocutorily the legality of the proceedings and that the proposed annexation is in the public interest before appointing a Board of Commissioners to make findings of fact. The Act under which this proceeding is brought requires this to be done. Act of July 20, 1953, P. L. 550, §3, 53 P.S. §67503; *Palmer Township Annexation Case,* 416 Pa. 163, 204 A. 2d 760 (1964); *Chartiers Township Appeal,* 414 Pa. 176, 199 A. 2d 443 (1964). Generally this determination is made after hearing complaints filed to the annexation petitions. However, if no such complaint is filed, the court is obliged to satisfy itself on those points. *Palmer Town-*

*ship Annexation Case,* supra; *Chartiers Township Appeal,* supra; *Lower Macungie Township Annexation Case (No. 1),* 213 Pa. Superior Ct. 313, 248 A. 2d 58 (1968) ; *Robinson Township Appeal,* 189 Pa. Superior Ct. 569, 151 A. 2d 836 (1959).

In the present case Wayne Township filed a complaint, called a petition, which questioned the legality of both the petition for annexation and the ordinance providing for it. It also raised the question of the legality of the proceeding and of the decision that the annexation serves the public interest. No hearing was held on this petition and there is no record of any disposition being made of it, preliminarily and interlocutorily. Quoting from the opinion of the lower court in support of its final order approving annexation, we find that, "An Argument was held concerning the Petition and the Court, being satisfied with the legality of the proceeding and the propriety of the annexation as serving public interests, appointed a Board of Commissioners by an Order dated June 26, 1968 . . ."

Following three hearings conducted by this Board, it filed its report which formed the basis for the final order approving the annexation.

In *Lower Macungie Township Annexation Case (No. 1),* supra, a hearing was scheduled following the filing of a complaint against annexation. Although the townships involved therein offered no testimony, they did file briefs and argued their objections orally, following which the Court stated in its order, at page 317, " . . . being satisfied with the legality of the proceeding and the propriety of the annexation as serving public interests, . . ." before it appointed the Board of Commissioners to make a study and proceed in accordance with §4 of the Act of July 20, 1953, P. L. 550, 53 P.S. §67504.

A full hearing by the Court was held preliminarily in *Robinson Township Appeal,* supra, and in *West Con-*

*shohocken Borough Appeal,* 405 Pa. 150, 173 A. 2d 461 (1961).

In *Hazle Township Annexation Case,* 183 Pa. Superior Ct. 212, 130 A. 2d 230 (1957), no hearing was held and the case was remanded for further proceedings in accordance with our opinion, which called for such a hearing.

In *Chartiers Township Appeal,* supra, the Superior Court affirmed that the lower court had determined the legality of the procedure and the propriety of this proceeding although the record did not do so. However, it stated with certainty, page 181, "Both the language and logic of the statute requires an *initial* determination, interlocutory in nature, of the legality and propriety of the annexation . . ."

The procedure outlined in this Act has not been followed in this case. For that reason alone the order entered by the lower court will be reversed and the record will be remanded for further proceedings, commencing with a hearing on the complaint as required by the cases herein cited.

At the time of that hearing the lower court should make an initial determination of whether a majority of freeholders in the area proposed to be annexed signed the petition and whether a map and proper description of the area were attached to the "Consent to land owners" at the time their signatures were secured.

Appellants' fourth assignment of error relating to the sufficiency of the evidence cannot be ruled on until the proceedings have been concluded in a legal manner.

Its fifth assignment relating to the effect of the adoption of the amendment to Article 9 of the Pennsylvania Constitution has been answered contrary to its contention. City Council of Corry passed the ordinance effecting the annexation of a part of Wayne

316

Township on May 6, 1968, and on May 20, 1968, filed a certified copy of the ordinance in the Court of Common Pleas. Thus the matter was not pending until after the adoption of §8, art. IX, of the Pennsylvania Constitution on April 23, 1968. However, the statute under which this annexation case proceeded remained in effect at least for two years after the adoption of the aforesaid §8, art. IX. We so held in *Baldwin Borough Appeal* 217 Pa. Superior Ct. 346, 272 A. 2d 731 (1970).

Order reversed with a procedendo in accordance with this opinion.