Upper Saucon Township *v.* Coopersburg.

Argued October 8, 1971, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*John P. Thomas,* with him *Edward N. Cahn,* for appellant.

*James L. Weirbach,* for appellee.

OPINION BY JUDGE KRAMER, December 29, 1971:

This is an appeal from an Order of the Court of Common Pleas of Lehigh County dated March 9, 1971, approving an ordinance providing for, and affirming,

the annexation of 52 acres of land located in Upper Saucon Township (Township) to the Borough of Coopersburg (Borough). During the spring of 1968, a petition signed by a majority of the freeholders of the proposed annexed territory was filed with the Borough. By action of Borough Council, on June 11, 1968, the Borough Secretary advertised the adoption by Borough Council of the ordinance providing for the annexation of the acreage in question. The Borough, on February 17, 1969, filed a petition with the court below, praying for approval of the proposed annexation. After some procedural problems were solved, and by virtue of a stipulation, the Township, on November 7, 1969, filed a complaint to the proposed annexation. On November 17, 1969, the court below, in accordance with the Act of July 20, 1953, P. L. 550, Section 2, 53 P.S. 67502, found that the petition of the Borough satisfied the court as to its legality and the propriety of the annexation as serving the public interest. The Court appointed a board of three commissioners to study the facts and make a report on the proposed annexation. Hearings were held, and the Commission submitted its report on February 22, 1971, in which it made findings of fact. The court thereafter, on March 9, 1971, based upon the findings of the Commission, affirmed the annexation as prayed for in the petition.

As was succinctly stated by the annexation Commissioners: "This proceeding presents the usual controversy between a burgeoning borough seeking to increase its territorial limits and a jealous township anxious to preserve unto itself all its land within its present boundaries." The main thrust of the appellant Township's argument is that the lower court abused its discretion because its conclusion was unsupported by the evidence and thereby also committed an error of law.

Although no right of appeal is specifically provided for under the annexation provisions of the 1953 Act,

*supra,* this Court held in *Perkasie Borough Annexation Case,* 3 Pa. Commonwealth Ct. 36, 280 A. 2d 475 (1971), that the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L.     , No. 223, 17 P.S. 211.101 et seq., provides for appeals of right in annexation cases to the Commonwealth Court.

Section 4 of the Act (53 P.S. 67504) provides: "Within sixty days after its appointment, the board shall inquire into and make findings of fact as to (1) the relative advantages and disadvantages to the borough, city or township, and the township affected by the annexation, (2) the assessed valuation of the township, the assessed valuation of the territory to be annexed, and how the annexation would affect the remainder of the territory, (3) the township indebtedness, (4) the value of all public improvements, including, but not limited to, roads, buildings and sewers in the territory to be annexed and the indebtedness chargeable thereto, (5) the future plan of the entire area, and (6) any other matters directed by the court." A reading of the short record in this case leads us to the conclusion that counsel for the Borough, with specific reference to the six subparagraphs of Section 4 of the Code, quoted immediately above, adequately presented evidence on each and every subparagraph. A reading of the report of the Board of Commissioners likewise adequately makes findings of fact as mandated by the statute.

In the case of *West Mead Township Annexation Case,* 206 Pa. Super. 166, 170, 213 A. 2d 124, 126 (1965), the court said: "The scope of appellate review in annexation cases was stated in West Mead Township Appeal, 411 Pa. 94, 191 A. 2d 273, which involved Annexation Area No. 1, to be 'limited to ascertaining whether there is *any* evidence to support the lower court's finding that the annexation is in the public interest, and hence we are not permitted to substitute our

judgment for that of the court below in the absence of a showing of an abuse of discretion. . . .' (Citing cases)" (Emphasis added.) After a review of the entire record in this case, we conclude that the court below had an adequate record before it upon which it could affirm the annexation as it did. The lower court properly utilized the report of the Board of Commissioners in arriving at its determination. As was said in the case of *Hempfield Township Annexation Case,* 211 Pa. Superior Ct. 180, 184, 237 A. 2d 244, 247 (1967) : "Obviously the purpose of this additional proceeding [commissioners' report] is to adduce all of the necessary information to assist the court in making a final decision as to whether the annexation is in the public interest. It is not a hearing in the sense that exceptions are to be filed by the parties or that either party takes on a burden of proof. It is simply a supplemental procedure sanctioned by statute for the court's benefit and to enable the parties to submit expeditiously to the court the relevant facts."

We have not overlooked the complaint of the Township that it is being "carved up piece-meal." However, it is not within the scope of review for this Court to determine the advisability of the annexation. It is the responsibility and duty of the court below to take into account the annexation designs of surrounding municipalities in reaching the court's determination that the annexation will serve the public interest. Based upon the foregoing, we affirm the court below.