Norwegian Township *v*. Minersville.

Argued March 7, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Isadore E. Krasno,* with him *Malcolm D. Reeves* and *Krasno & Krasno,* for appellant.

*Alvin E. Maurer, Jr.,* for appellee.

OPINION BY JUDGE BLATT, May 1, 1972:

The Supervisors of Norwegian Township ("Township"), a Township of the Second Class located in Schuylkill County, have appealed from an order of the Schuylkill County Court of Common Pleas, which affirmed the annexation of a part of the Township to the neighboring Borough of Minersville ("Borough"). The Pottsville Area School District ("School District") joined the Township in appealing to the court below, where both argued that the annexation ordinance enacted by the Borough was invalid.

The ordinance in question was adopted by the Borough Council on April 17, 1968, and approved by the Mayor on the same day. A copy of the ordinance was filed with the lower court on May 23, 1968, and on June 10, 1968, the Township filed a Motion for a Rule to Show Cause why the ordinance should not be dismissed. This was followed on June 21, 1968 by appeals from the ordinance filed by the Township and the School District. These pleadings stated that the provisions of Article IX, Section 8, of the new State Constitution, which had been approved by the voters on April 23, 1968, invalidated the provisions of the Borough Code pertaining to the annexation of Second Class Townships,[1] on which authority the ordinance had been enacted, and thus made the ordinance a nullity. They also argued that the provisions of the Borough Code had not been complied with because: (1) the application to the lower court for approval of the ordinance

---

[1] Act of February 1, 1966, P. L. (1965) 1656, §426, 53 P.S. §45426.

had not been advertised and no notice of the filing had been given to the Township, (2) the ordinance did not petition the court to change the boundaries of the Borough, and (3) insufficient signatures were on the petition because twenty original signers had withdrawn their signatures and certain of the petitioners allegedly had signed without full knowledge of the facts regarding the proposed annexation. The Borough filed an answer to these pleadings, and raised as new matter the issue that the appeal to the lower court had not been filed within 30 days after the enactment of the ordinance as required by the Borough Code, 53 P.S. §46010.

Following a hearing, at which no testimony was taken or evidence introduced, the lower court handed down an opinion dismissing the appeals and affirming the ordinance. In its opinion, the court ignored the other issues raised and discussed only the question of whether or not the approval of the new State Constitution invalidated the annexation provisions of the Borough Code. Finding that the Borough Code provisions pertaining to annexation were not immediately affected by the approval of the new State Constitution, the court held that this disposed of the questions raised by the Township and the School District and dismissed their appeals. In its appeal to this Court, the Township argues that the lower court acted improperly in failing to determine whether or not the Borough had correctly followed the procedures prescribed by the Borough Code and whether or not the annexation was in the public interest.

While we agree that the lower court might have been wise to discuss and dispose of all of the issues raised by the Township, it is also clear that, as a matter of law, these claims lacked validity, and it is also clear that the lower court was correct in holding that the approval of the new State Constitution had no im-

mediate effect on the applicability of the annexation provisions of the Borough Code.

The Township argued that the ordinance had been enacted within two months of the April 23, 1968 primary election and that, therefore, Section 427 of the Borough Code, 53 P.S. §45427, would prevent the ordinance from becoming effective until the day after the primary election, April 24. It argued further that, because the new Constitution was approved on April 23, the ordinance could not become effective at all. As we have held in *Rahn Township v. Tamaqua*, 3 Pa. Commonwealth Ct. 291, 292, 281 A. 2d 918, 919 (1971), affirming a decision of the same lower court which heard the instant case, ". . . the provision of the Constitution of 1968 requiring the Legislature, within two years of the adoption of the Constitution, to enact uniform legislation involving annexation proceedings, did not invalidate such a proceeding pursuant to the Borough Code, when the annexation proceeding was pending within two years of the adoption of the 1968 amendments to the Constitution." *See also, Township of Hempfield v. City of Greensburg*, 2 Pa. Commonwealth Ct. 619, 280 A. 2d 127 (1971).

Although the ordinance here concerned states clearly that it was enacted under the provisions of the Borough Code, other arguments advanced by the Township in its pleadings related to requirements for annexation which are actually prescribed under the Second Class Township Code.[2] No argument was made at any time that the ordinance was in fact based on the alternative authority of the Second Class Township Code, and the procedures followed throughout were consistent and in conformity with the Borough Code. We must hold, therefore, that the provisions of that Code are applicable in determining the validity of such procedures. *Cf.,*

---

[2] Act of July 20, 1953, P. L. 550, 53 P.S. §67501 *et seq.*

*Perkasie Borough's Annexation Case,* 3 Pa. Commonwealth Ct. 36, 280 A. 2d 475 (1971). The annexation provisions of the Borough Code and of the Second Class Township Code might well be considered in pari materia under some circumstances, as this Court has held in *Millersville Annexation Case,* 2 Pa. Commonwealth Ct. 587, 279 A. 2d 349 (1971), but the two Codes do provide two separate procedures. It was not necessary for the Borough to comply with all of the procedures prescribed under both of the Codes, if it clearly complied with the procedural requirements of the Code under which the annexation proceedings were initiated.[3]

The claims of the Township that the Borough had not furnished proof of the filing of notice to the Township Supervisors and had not advertised the filing, even if taken as true, are not significant here. The same can be said of the claim that the court should have been petitioned to change the boundaries of the Borough. Section 427 of the Borough Code, 53 P.S. §45427 requires only that a copy of the ordinance, together with a map and a description of the land, be filed with the court and that notice be filed with the office of the county board of elections.[4] The provisions of the Borough Code were complied with, and the particular procedures mentioned by the Township here are simply not required by that Code.

A similar situation exists in regard to the Township's claim that the lower court failed to decide on the

---

[3] As this Court noted in *Perkasie Borough's Annexation Case, supra,* 3 Pa. Commonwealth Ct. at 43, 280 A. 2d at 479: "This is a prime example of confusion caused by the overlap of two Codes which prompted the change in the Pennsylvania Constitution in 1968 by which annexation might be put into the voters' hands."

[4] The Township did argue that a map had not been filed with the ordinance, but the lower court found that one had been filed, and one did appear in the record furnished to the Court. No allegation was made that proper notice had not been given to the county board of elections.

propriety of the ordinance. While the Second Class Township Code, 53 P.S. §§67502-67503, does require courts to make findings as to the propriety of an annexation, the Borough Code, 53 P.S. §46010, merely states that "... the court shall have jurisdiction to review the propriety as well as the legality of the ordinance." The issue of propriety not having been specifically raised before the court below, it was under no obligation to make a decision on the matter, even though it had jurisdiction to consider it.

The Township presented with its appeal to the court below a petition signed by twenty individuals stating that they wished to withdraw their signatures from the original annexation petition. The earliest date listed for any signature on this withdrawal petition, however, was April 25, 1968, and all others were as late or later, but the ordinance had been enacted on April 17, 1968, eight days earlier. It has been held that, once petitioners have signed an annexation petition, they may not later withdraw their signatures without the consent of the Borough. *In re Annexation by Borough of Derry*, 33 West. 67 (1951), affirmed 168 Pa. Superior Ct. 415, 79 A. 2d 127 (1951); *Denny v. Bellevue Borough*, 18 Dist. 839, 56 P.L.J. 25 (1909). This rule would apply, perhaps, even where no action had yet been taken on a petition, but, whether or not such an interpretation would be valid is not necessary for us to decide here. The attempted withdrawal in this case came *after* the ordinance had been enacted, and we clearly must hold that, absent fraud or misrepresentation, a petitioner may not be permitted to frustrate the annexation procedure by withdrawing his signature after the enactment of the annexation ordinance has been completed. The School District also made an allegation in its complaint that certain petitioners had signed without full knowledge of the effects of the pro-

posed ordinance, but no testimony or evidence was given on this matter at the hearing, and, in any case, an allegation that an individual signed without knowledge of the effects of a petition is not even an allegation, and is certainly not proof, of fraud or misrepresentation.

There is one issue, however, which the lower court inexplicably glossed over in its opinion: the timeliness of the Township's appeal of the annexation ordinance. The lower court simply chose to assume that the appeal *was* timely filed. Section 1010 of the Borough Code, 53 P.S. §46010, however, which was effective at the time this action was instituted, required that a complaint as to the legality of an ordinance must be filed within 30 days after the enactment of the ordinance complained of. Section 1007 of the Borough Code, 53 P.S. §46007, clearly provides that, except in cases where a veto or the failure of the Mayor to sign an ordinance within a specified period are involved, "The enactment of an ordinance shall be the date when the mayor shall approve it. . . ." This Court has emphasized this determination of the enactment of an ordinance according to the requirement in *Township of Franklin v. Borough of Delmont*, 2 Pa. Commonwealth Ct. 310, 279 A. 2d 387 (1971). The ordinance in the instant case, however, was signed by the Mayor on April 17, 1968. The first pleading, which was a Motion for a Rule to Show Cause, and which might well have been an improper procedure in such a case, was not filed until June 10, and the appeal from the ordinance not filed until June 21, 1968. Both dates were well beyond the 30-day limit for appeals, and the pleadings in neither case could have been timely. They were invalid for that reason, therefore, as well as for the reason assigned by the court below.

We find, therefore, that the lower court reached the correct result in dismissing the appeals and in affirm-

ing the validity of the annexation ordinance in question, even though it assumed that the appeals were timely when they were not. We have satisfied ourselves by examining the record that there was compliance with the annexation requirements of the Borough Code and that these requirements were still applicable as the court below correctly held, notwithstanding the adoption of the new State Constitution before the effective date of the annexation ordinance herein concerned.

The order of the lower court is affirmed.

Judge ROGERS concurs in result only.