Wayne Township, Appellant, *v.* City of Corry, Appellee.

182

Argued November 9, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Barney Bernard,* with him *Evans, Johnson, Scarpitti, Bernard, McCullough & Wittmann,* for appellant.

*Douglas D. Rozelle,* City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 8, 1974:
This is an appeal from an order of the Court of Common Pleas of Erie County which approved the annexation of a portion of Wayne Township (Wayne) to the City of Corry (Corry), all in Erie County.

The pertinent facts are that on April 22, 1968, an annexation petition, signed by three-fifths of the "tax-

able inhabitants"[1] of a 480 acre portion of Wayne contiguous to the northern boundary of Corry, was submitted to the City Council of Corry. The area to be annexed consisted primarily of a golf course owned by the Municipal Authority of the City of Corry, two cemeteries, two light industries, and scattered residential properties, with the residue undeveloped land. Pursuant to the provisions of the Act of July 20, 1953, P. L. 550, 53 P.S. §67501 *et seq.* (Act of 1953), Corry passed an ordinance on May 6, 1968, approving the annexation of the realty described in the petition, effective upon approval of the Court of Common Pleas of Erie County. Within thirty days of the certification of this ordinance to the lower court, the Supervisors of Wayne filed a complaint in the court challenging, *inter alia*, the legality of the annexation petition, and requested the appointment of a board of commissioners (commissioners). On June 26, 1968, Judge McCLELLAND appointed the commissioners in accordance with the Act of 1953, 53 P.S. §67503. The commissioners conducted three hearings in the latter part of 1968 and filed a report on October 20, 1969, containing extensive findings of fact. Upon a determination that the annexation proceedings complied with the provisions of the

---

[1] Because of some initial uncertainty as to Wayne's status as a second class township, the annexation petition was drafted to comply with the signatory requirements of both the Act of July 20, 1953, P. L. 550, 53 P.S. §67501 ("a majority of the freeholders in the proposed annexed territory") and the Act of June 23, 1931, P. L. 932, as amended, 53 P.S. §3550 1(b) ("three-fifths of the taxable inhabitants of such township or part thereof"). As the Act of 1953 is clearly the applicable provision and the proceedings have been so treated by Corry Council and all reviewing courts, the annexation was properly completed pursuant to the requirements of the Act of 1953. *See Middle Paxton Township v. Borough of Dauphin,* 10 Pa. Commonwealth Ct. 431, 308 A. 2d 208 (1973); *Norwegian Township v. Minersville,* 5 Pa. Commonwealth Ct. 296, 290 A. 2d 273 (1972).

Act of 1953 and that the annexation was in the public interest, Judge McClelland ordered the annexation approved on December 10, 1969.

Wayne appealed this decision to the Superior Court which reversed the lower court on the ground that Judge McClelland had failed to determine preliminarily the legality and propriety of the annexation. *Wayne Township Appeal,* 218 Pa. Superior Ct. 312, 280 A. 2d 660 (1971). In remanding, the Superior Court ordered the lower court to conduct a hearing for the specific purpose of determining "whether a majority of freeholders in the area proposed to be annexed signed the petition and whether a map and proper description of the area were attached to the 'consent to land owners' at the time their signatures were secured." (218 Pa. Superior Ct. at 315, 280 A. 2d at 661)

In accordance with this procedendo, Judge McClelland conducted three hearings in 1971 and 1972. Extended testimony was taken relative to the number of freeholders in the area to be annexed, the number of freeholders who signed the petition, and whether there was a map and description of the area attached to the petition when it was signed by each of the freeholders. Wayne also presented additional evidence on the question of public interest. On February 14, 1973, Judge McClelland again approved the annexation as legal and "very much in the public interest."

On appeal to this Court, Wayne again contends that the lower court failed to make an "initial" determination of the legality and propriety of the annexation on remand. Rather, it is argued, Judge McClelland made a second "final" determination of legality and propriety which could only be made after the court formally made a preliminary determination of legality and propriety, and then reappointed a second board of commissioners to ascertain whether the annexation was *then* in the public interest. Wayne also

challenges the findings of the lower court that a majority of the freeholders in the territory to be annexed had signed the petition; that a map and description of the area were attached to the petition when it was signed; and that the annexation is in the public interest.

Our scope of review in appeals of this nature is by broad certiorari. *Millersville Annexation Case; Lancaster Township Appeal,* 447 Pa. 310, 290 A. 2d 102 (1972). We may consider (1) the jurisdiction of the court below, (2) the regularity of the proceedings, and (3) the entire record to determine whether the findings are supported by competent evidence and to correct errors of law. *Palmer Annexation Case,* 416 Pa. 163, 204 A. 2d 760 (1964); *Meadville v. West Mead Township,* 7 Pa. Commonwealth Ct. 43, 298 A. 2d 594 (1972). Our evidentiary review of the findings of the court below is "limited to ascertaining whether there is *any* evidence to support the lower court's finding that the annexation is in the public interest, and hence we are not permitted to substitute our judgment for that of the court below in the absence of an abuse of discretion." *West Mead Township Appeal,* 411 Pa. 94, 95, 191 A. 2d 273 (1963); *see also Upper Saucon Township v. Coopersburg,* 4 Pa. Commonwealth Ct. 214, 285 A. 2d 221 (1971).

There is no question that, upon the filing of a complaint challenging an annexation, the Act of 1953 requires the court of common pleas to *sequentially* (1) make a preliminary and interlocutory determination of the legality of the proceedings and the propriety of the annexation, (2) appoint a board of commissioners, and (3) make a final determination of the legality and propriety of the annexation on the basis of the findings of the board and all other facts properly submitted to the court. *Palmer Township Annexation Case, supra; Chartiers Township Appeal,* 414 Pa. 176,

199 A. 2d 443 (1964). Nor is it seriously disputed that Judge McClelland made a final determination of the legality and propriety of the annexation. Thus, the determinative issue here is whether the court below committed reversible error when it failed to formally make a preliminary determination or appoint a new board of commissioners on remand before it approved the annexation on the basis of both the 1969 report of the original Board of Commissioners and the evidence adduced at the three hearings held by the court in 1971 and 1972. We think not.

Our Supreme Court enunciated the function served by a board of commissioners which would be appointed pursuant to the Act of 1953, 53 P.S. §67503, in *Palmer Township Annexation Case, supra*: "Obviously, the purpose of this additional proceeding is to adduce all the necessary information to assist the court in making a final decision as to whether the annexation is in the public interest. It is not a hearing in the sense that exceptions are to be filed by the parties or that either party takes on a burden of proof. *It is simply a supplemental procedure sanctioned by statute for the court's benefit and to enable the parties to submit expeditiously to the court the relevant facts.*" (416 Pa. at 178, 204 A. 2d at 768, emphasis supplied). *See also Appeal of Borough of West Alexander,* 450 Pa. 453, 301 A. 2d 662 (1973) ; *Upper Saucon Township v. Coopersburg, supra.*

As the foregoing indicates, the function of the commissioners, though mandated by statute, is ancillary to the ultimate fact-finding responsibility of the court of common pleas. It is evident that the court, here, relied upon the extensive findings of fact contained in the 1969 report of the Board when it ordered approval of the annexation in 1973. *Chartiers Township Appeal, supra.* Moreover, during hearings held on remand, the court afforded Wayne an opportunity to supplement

the record on the issue of whether the annexation was then in the public interest, and in doing so, complied with the requirements of Section 5 of the Act of 1953, 53 P.S. §67505. Absent a showing that it was precluded from presenting additional evidence to the court relative to the legality or propriety of the annexation as it existed in 1973, or was otherwise prejudiced, neither the Act of 1953 nor case law entitles Wayne to the appointment of a new board of commissioners precedent to the court's approval of the annexation. *Perkasie Borough's Annexation Case*, 3 Pa. Commonwealth Ct. 36, 280 A. 2d 475 (1971).

In *Perkasie,* we considered the effect of the lower court's failure to make a preliminary determination of the legality and propriety of an annexation proceeding commenced under the Act of 1953. Although the record in *Perkasie* did not establish whether the court had failed to make a preliminary determination, we held that, even had the omission been established, it was not enough to invalidate the annexation under the circumstances of that case. In support of this position we there noted:

"Township does not claim that it was unable to place any evidentiary material before the commission or the court. Neither does it claim that the appointment of the commission was a misapplication of time or money. To the contrary, in light of the commission's extensive and well-reasoned report, it would be a misapplication of time and money to remand for the appointment of a new commission subsequent to an *initial* finding of propriety and legality.

"We do not say that the requirement of an initial finding is of little value and can be disregarded by the courts.[2] Nor do we conclude that the court below failed to make such a determination. We only hold

---

[2] Footnote omitted.

that where, as in the case here, the record fails to show whether the court has not made such a finding or if there has been a final determination that the annexation is procedurally correct and factually appropriate, and where the failure to make the initial determination of legality and propriety has not prejudiced the ability of any party to introduce informative evidence, the failure to make an interlocutory determination of legality and propriety does not provide a sufficient basis for revising the grant or denial of the annexation." (3 Pa. Commonwealth Ct. at 47, 48, 280 A. 2d at 481 (emphasis in original)).

Although *Perkasie* is self-limited to the factual background of that appeal, we find the foregoing language equally persuasive of the issue at hand. Assuming that the court did not make an "initial" determination of legality and propriety on remand, Judge McCLELLAND did make such a "final" determination on the basis of the extensive report of the commissioners and the relevant facts adduced in the hearings conducted by the court following the remand. Wayne does not here allege that it was unable to introduce additional evidence as to the legality or propriety of the annexation during these hearings, nor that it was otherwise prejudiced by the court's failure to reappoint a board of commissioners before it finally determined the legality and propriety of the annexation. Under these circumstances, we find no error in the procedure adopted by the court below in approving the annexation.

Having disposed of this issue, we find Wayne's other contentions, challenging factual determinations made by the commissioners and the court, to be without merit. As was previously said, our evidentiary review in an annexation proceeding is limited to a determination of whether there is "any evidence" to support the findings of the court below that all criteria

for annexation established by the Act of 1953 have been met and that the annexation is in the public interest. *Meadville v. West Mead Township, supra; Upper Saucon Township v. Coopersburg, supra.* As we find substantial and compelling evidence to support the lower court's conclusion that a majority of freeholders in the territory proposed to be annexed signed the petition; that a map and description were attached to the petition when signed; and that the annexation is in the public interest, we cannot and do not substitute our discretion for the prudence of the court below.

Order affirmed.