In Re: Annexation to the Borough of West Alexander of a Portion of Donegal Township by the Town Council.

The Borough of West Alexander, Appellant.

Argued November 20, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Sanford S. Finder,* for appellant.

*Frank C. Carroll, P.C.,* for appellees.

OPINION BY JUDGE WILKINSON, JR., December 30, 1980:

This is an appeal from an order of the Court of Common Pleas of Washington County dismissing the

petition filed by the Borough of West Alexander seeking annexation of a portion of Donegal Township, a second class township, to the Borough of West Alexander.

The procedural background of the instant appeal can be summarized as follows. In August of 1967, appellant, Borough of West Alexander, filed an annexation petition pursuant to Section 1 of the Act of July 20, 1953, P.L. 550, 53 P.S. §67501. In May of 1968, following a hearing on the proposed annexation, the trial court appointed a board of commissioners under the provisions of Section 3 of the Act of July 20, 1953, 53 P.S. §67503.

The commissioners filed a report, in March of 1969, stating that they were unable to determine whether a majority of the freeholders in the area proposed to be annexed had signed the petition, because the description contained in the petition did not completely enclose any area when plotted. Following the dismissal of a proposed amendment to the petition, the trial court, in April of 1970, entered an opinion and order dismissing the proceedings. In September of 1971, the Superior Court[1] affirmed the dismissal. *Donegal Township Annexation Case. West Alexander Borough Appeal*, 219 Pa. Superior Ct. 770, 281 A.2d 338 (1971).

The Pennsylvania Supreme Court, however, in *West Alexander Borough Annexation Case*, 450 Pa. 453, 301 A.2d 662 (1973), reversed the Superior Court and held that the commission violated due process in failing to provide an opportunity for the appellant to present rebuttal evidence as to the adequacy of the description and with regard to whether a sufficient number of freeholders had signed the petition for

[1] Under Section 762(a)(4) of the Judicial Code, 42 Pa. C. S. §762(a)(4) appeal is now to the Commonwealth Court.

annexation. The case was remanded so that such a fair hearing could be held.

In July of 1974, appellant submitted to the trial court a motion to amend the description contained in the original 1967 petition to conform to a survey conducted in 1973. Appellees filed an answer opposing this motion. In August of 1976, the trial court permitted the amendment based on the representation of counsel for the Borough that the amendment would not "substantially alter, affect or change the area or perimeter of the land involved." The trial court then directed a new commission to determine if, in fact, this was the case and to hear additional testimony consistent with the Supreme Court's March 1973 opinion.

In June of 1979, this commission filed a report containing various findings and recommendations but not containing a finding as to whether the amended description substantially changed the area or perimeter of the land proposed to be annexed. Both parties filed exceptions to this report.

In October of 1979, the trial court, in an able opinion by Judge SAMUEL L. RODGERS, dismissed for a second time the annexation petition of the Borough of West Alexander; this appeal was taken.

Appellant assigns as error the trial court's finding that the amended description substantially altered the boundary lines of the land under consideration. Appellant also challenges the trial court's finding that the proposed annexation was not in the public interest.

More specifically, it is the appellant's contention that by conducting a survey and filing an amended annexation petition and ordinance containing a description consistent with that survey, they were not instituting new annexation proceedings, but were

simply "clearing up the errors in the original description." We disagree.

Our scope of review in appeals of this nature is by broad certiorari, wherein we look to the entire record to determine if the findings made by the trial court are supported by competent evidence and to correct errors of law. *Wayne Township v. City of Corry,* 12 Pa. Commonwealth Ct. 181, 316 A.2d 143 (1974); *Meadville v. West Mead Township,* 7 Pa. Commonwealth Ct. 43, 298 A.2d 594 (1972). Our review is also "limited to ascertaining whether there is *any* evidence to support the lower court's finding . . . and hence we are not permitted to substitute our judgment for that of the court below in the absence of an abuse of discretion." *Wayne Township v. City of Corry, supra* at 185, 316 A.2d at 146 (quoting *West Mead Township Appeal,* 411 Pa. 94, 95, 191 A.2d 273 (1963)). (Emphasis added in *Wayne Township, supra.*)

Having reviewed the record in the case at bar, we must conclude that there is ample evidence in support of the trial court's finding that the amended description substantially changed the boundary lines of the area to be annexed. Specifically, this finding is substantiated by the testimony of the surveyor, given at a June 21, 1977 commissioner's hearing:

Q. And there are substantial changes?

A. In the perimeter, yes.

. . . .

Q. But there are changes in what would be the southwest area?

A. I would say as far as distances and bearings, yes sir.

Q. There are changes in the sort of eastern section, up around here where 70 cuts through? You said there were changes there as well?

A. Well specifically—changes of the boundary lines?

Q. Yes.

A. Unless I compared each individual one, I would assume there are changes.

While we are aware that this very same witness also testified, at the June 21, 1977 hearing, that, in essence, the amended description did not alter the original area proposed to be annexed, it was for the trial court to resolve this conflict. It is not within the province of this Court to weigh the evidence, resolve its conflicts, or pass upon the credibility of the witnesses. *Irwin Borough Annexation Case (No. 1),* 165 Pa. Superior Ct. 119, 67 A.2d 757 (1949).

We should also note at this point that it is of no moment that the commissioners' report contained no finding of fact with respect to this issue. The function of the commission in these cases is ancillary to the ultimate fact finding responsibility of the court of common pleas. *Wayne Township v. City of Corry, supra.*

Because we affirm the trial court's finding that the description contained in the amended petition, and in the ordinance supporting it, varied materially from that which was contained in the original 1967 petition, we must likewise conclude that the appellants, by filing the amended annexation petition on July 15, 1974, instituted a new annexation proceeding as of that date.

Unfortunately for appellants, our Supreme Court has decided that Article IX, Section 8 of the Pennsylvania Constitution[2] abrogates all pre-existing annexation procedures and that where, as here, a proceeding

---

[2] Article IX, Section 8, of the Constitution, adopted April 23, 1968, reads as follows:

is commenced subsequent to April 23, 1970, it must be by initiative and referendum. *Middle Paxton Township v. Borough of Dauphin,* 458 Pa. 396, 326 A.2d 342 (1974).

Since the procedure under which the appellant instituted this new annexation proceeding had been so abrogated, namely 53 P.S. §67501 et seq., we must affirm the trial court's dismissal of appellant's petition.

Under these circumstances, we need not consider the remaining issue of whether the proposed annexation was in the public interest.

Accordingly, we will enter the following

## ORDER

AND Now, December 30, 1980, the order of the Court of Common Pleas of Washington County, docketed at No. 487 May Term, 1967, Q.S., and dated October 17, 1979, is affirmed.

---

Section 8. Consolidation, merger or boundary change.

Uniform Legislation. The General Assembly shall, within two years following the adoption of this article, enact uniform legislation establishing the procedure for consolidation, merger or change of the boundaries of municipalities.

Initiative. The electors of any municipality shall have the right, by initiative and referendum, to consolidate, merge and change boundaries by a majority vote of those voting thereon in each municipality, without the approval of any governing body.

Study. The General Assembly shall designate an agency of the Commonwealth to study consolidation, merger and boundary changes, advise municipalities on all problems which might be connected therewith, and initiate local referendum.

Legislative Power. Nothing herein shall prohibit or prevent the General Assembly from providing additional methods for consolidation, merger or change of boundaries.